[Crim. No. 4215.   Second Dist., Div. Three.   July 8, 1948.]

THE PEOPLE, Respondent, v. LEWIS W. PHYSIOC, Appellant.

Morris Lavine for Appellant.

Fred N. Howser, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

McCOMB, J. Assigned.—From a judgment of guilty of violating section 11500* of the Health and Safety Code (possession etc. of narcotics), after trial before a jury, defendant appeals. There is also an appeal from an order denying his motion for a new trial.

The record discloses these essential facts:

On April 6, 1947, at approximately 4:30 a.m. Officer John A. Tidyman of the Los Angeles Police Department followed defendant into a hotel, located in Wilmington, California. Defendant went upstairs and stopped opposite room number 40, put his hand on the door knob, jumped back from the door, swung around, put his hand in his pocket and brought out an object which struck the opposite wall and then fell to the floor. At this time defendant was ordered to put up his hands which he did and was thereupon handcuffed. Thereafter Officer Tidyman recovered the object which had been thrown in the air, and found that it was a small match box. This box contained several small white pill shaped tablets. The box together with the tablets were delivered to the police chemist who reported that each tablet contained a quarter grain of morphine.

PROPOSITIONS URGED FOR REVERSAL OF THE JUDGMENT

First: *The evidence is insufficient to sustain the judgment for the reasons that (a) Officer Tidyman testified he lost sight of the object which defendant threw until after the de-*

---

*Section 11500 of the Health and Safety Code reads: "Except as otherwise provided in this division, no person shall possess, transport, sell, furnish, administer or give away, or offer to transport, sell, furnish, administer, or give away, or attempt to transport a narcotic except upon the written prescription of a physician, dentist, chiropodist, or veterinarian licensed to practice in this State."

*fendant had been handcuffed, and (b) there is no proof that defendant had knowledge of the contents of the box.*

This proposition is untenable.

■ (a) An examination of the record discloses substantial evidence to support each and every finding of fact set forth above upon which the judgment of guilty was predicated. Officer Tidyman gave direct testimony of each of the facts aforementioned. The mere fact that his eye left the match box momentarily between the time the box came to rest on the hotel floor until after he had finished in helping handcuff defendant did not constitute a hiatus in the proof that defendant possessed the match box which the officer later recovered. It was a question of fact for the jury to determine from the foregoing evidence whether the match box the officer retrieved was the same one defendant had thrown. We believe it to be a fair inference from the facts for the jury to find that the box which the officer picked up was the identical one which defendant had possessed.

■ (b) The law is settled that the mere possession of a narcotic constitutes substantial evidence to sustain a finding that the possessor of the narcotic knew its nature. (*People v. Carlton,* 83 Cal.App.2d 475, 477 [189 P.2d 299] ; *People v. Sweeney,* 66 Cal.App.2d 855, 859, et seq. [153 P.2d 371] ; *People v. Randolph,* 133 Cal.App. 192, 196 [23 P.2d 777].)

Hence, since the evidence disclosed that defendant possessed the narcotic, this was substantial evidence to sustain the implied finding of the jury that defendant knew the nature of the object which he possessed.

Second: *The trial court committed prejudicial error in not instructing the jury (on its own motion) relative to the doctrine of circumstantial evidence.*

■ This proposition is also untenable. In the present case the evidence upon which the conviction rests was *direct evidence* and not *circumstantial evidence;* hence the trial court correctly did not give an instruction upon the doctrine of circumstantial evidence.

For the foregoing reasons the judgment and order are and each is affirmed.

Shinn, Acting P. J., and Wood, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 5, 1948.