[Crim. No. 4395.   Second Dist., Div. One.   Jan. 11, 1950.]

THE PEOPLE, Respondent, v. PAUL E. PRICE
et al., Appellants.

Jones & Green for Appellants.

Fred N. Howser, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

DRAPEAU, J.—During the night of December 30, 1948, two premises were burglarized; one a plumbing shop in Garvey, Los Angeles County; the other a trucking office at 1530 South Paloma Street, in the city of Los Angeles.

From the plumbing shop a check made by the Greeley Trailer Lodge was taken. It was to the order of the plumbing company, was received on December 30th, endorsed to the order of the bank, ''to safeguard the check,'' and was placed in a drawer of the bookkeeper's desk. Also a number of blank checks torn from the current book of blank checks in use at the time were taken. From the trucking office a number of blank checks used by that concern were taken from their book of checks.

In the early morning hours of December 31st two motor patrol officers of the city of Los Angeles were standing at a police call box on the corner of Figueroa Street and Sunset Boulevard. A Ford coupé came along and made a left-hand turn without yielding to oncoming traffic. This drew the officers' attention, and they saw a green cloth hung over the license plate on the rear of the car. So they followed it.

The coupé stopped next to the curb a short distance from the corner, and one of the men got out. He removed the cloth from the license plate, and then got back into the car. The officers drew their guns, and came up behind, one on either side of the car. The officer on the right-hand side got behind a palm tree near the curb, with his gun trained on the two men in the coupé, and ordered them to come out with their hands up. They obeyed the order, and were placed facing an adjacent wall, hands above their heads, while one of the officers searched them and the automobile.

The following articles were found: A loaded revolver on the seat of the coupé; the blank checks stolen from the plumbing shop and the trucking office on a ledge in the car behind the seat; the green cloth which had been used to hide the license plate on the floor of the coupé. The Greeley check, with its restrictive endorsement, and the endorsement stamp of the trucking company were on the person of one of the men.

They were taken to police headquarters and locked up. Each told the officers that he was so drunk that night that he had little recollection of where he had been or what he had been doing. One said that the loaded gun was under, not on the front seat of the automobile, where the officers testified they found it. Neither had any explanation of their possession of the blank checks, the endorsement stamp, or of the Greeley check. One of them had been employed for a time at the plumbing shop; the other had been employed for a time at the trucking concern.

The case was tried by jury. Neither defendant testified in his own behalf; the only evidence presented for them was as to previous good character. They were convicted of burglary second degree of the plumbing shop, and acquitted of burglary of the trucking office. They were given probation for three years, the first nine months to be spent in the county jail. From orders denying their motions for new trial they have appealed. ■ They also purportedly appealed from the judgments. But pronouncement of judgments was suspended when probation was granted, and this appeal must be dismissed. (*People* v. *D'Elia,* 73 Cal.App.2d 764 [167 P.2d 253].)

■ Defendants contend that the conviction should be set aside for the following reasons: That there is no evidence of entry of the burglarized premises; that the evidence is insufficient to sustain their conviction; and that mere possession of stolen property is insufficient to support the conviction.

None of these contentions may be sustained, because the evidence supports the verdict. If there is sufficient evidence to warrant the inference of guilt, the verdict of a jury must be upheld. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].) ■ If there is corroborating evidence, with possession of stolen property, a conviction must be sustained, especially when the person in possession of such property fails to give any account of the manner in which it came into his possession. (*People* v. *Lang,* 142 Cal. 482 [76 P. 232]; *People* v. *Platnick,* 71 Cal.App.2d 767 [163 P.2d 766].)

The orders denying new trial are affirmed; the purported appeal from the judgments is dismissed.

White, P. J., and Doran, J., concurred.