[Crim. No. 4710. Second Dist., Div. Two. Dec. 6, 1951.]

THE PEOPLE, Respondent, . v. LEONARD A. WOODS, Appellant.

Louis Thomas Hiller for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

McCOMB, J.—Defendant was found guilty after trial before the court without a jury of violating section 11500 of the Health and Safety Code (unlawful possession of heroin). Defendant requested leave to file an application for probation which was granted and made a motion for a new trial. The motion for a new trial was denied, sentence was suspended and defendant placed on probation for three years on condition that he serve the first 90 days of probation in the county jail.

Defendant has appealed (1) from the order denying his motion for a new trial and (2) purportedly from the judgment of conviction.

*Facts:* On February 26, 1951, at about 1:00 a.m. defendant was apprehended by two police officers at 3115 South Norton, Los Angeles. On his person were found a number of measuring spoons and some keys. One officer removed the keys from defendant's pocket and took him to a large residence at 2118 South Hobart where one of the keys opened the door.

The officers then asked defendant to take them to his room. Upon reaching the room defendant opened the door with

a key which he had. In the apartment was found one of defendant's suits, and in the dressing room in a wastebasket was a capsule of contraband and on a shelf a flour sifter with heroin clinging to its sides. This flour sifter defendant said he had purchased about a week before.

*Questions*: First: *Was there substantial evidence to sustain the trial court's finding that (a) the contraband and flour sifter containing traces of heroin belonged to defendant and (b) defendant had knowledge of the presence of the narcotic?*

*Yes.* ■ (a) The trial judge drew a fair inference from the facts set forth above that the room in which the narcotic and sifter were found belonged to defendant. Clearly the fact that in his possession he had keys to the house in which his room was located and a key to the room where the narcotic and flour sifter were found supported the finding that it was defendant's room and that the flour sifter was his.

■ (b) The law is settled that the mere possession of a narcotic constitutes substantial evidence to sustain a finding that the possessor of the narcotic knew its nature. (*People* v. *Physioc*, 86 Cal.App.2d 650, 652 [2] [195 P.2d 23].)

■ Here the evidence disclosed that the room in which the narcotic and sifter were found was defendant's and therefore they were in his possession. Under the foregoing rule it was properly presumed that he knew the nature of the narcotic. This presumption sustains the trial court's finding to such effect.

Second: *Is the purported appeal from the judgment properly before this court?*

*No.* ■ An order granting probation is not a judgment and no appeal lies therefrom. (*People* v. *D'Elia*, 73 Cal.App. 2d 764, 766 [3] [167 P.2d 253].)

■ In the present case proceedings were suspended and neither judgment nor sentence was pronounced. Therefore there was no judgment or sentence from which defendant could appeal and the purported appeal was abortive and should be dismissed. (*People* v. *Price*, 95 Cal.App.2d 538, 540 [213 P.2d 105].)

The order denying the motion for a new trial is affirmed and the purported appeal from the judgment is dismissed.

Moore, P. J., concurred.