[Crim. No. 2768.   First Dist., Div. Two.   Apr. 2, 1952.]

THE PEOPLE, Respondent, v. HAROLD C. CREWS,
Appellant.

Nathan C. Coghlan for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Harold and Ruth Crews, husband and wife, were tried and convicted of the unlawful possession of heroin in violation of section 11500 of the Health and Safety Code. Harold was sentenced to the state penitentiary and Ruth to the state institution for women. Harold alone appeals from the judgment and from the order denying his motion for a new trial.

Two police officers broke into the living quarters of the defendants at about 3:45 a. m. after they had failed to get a reply to their knocks on the door. Mrs. Crews ran to a window which she opened and then made a "tossing" motion of the hand which the officers interpreted as having been for the purpose of casting something out of the window. One of them went down to the street and found a bindle of heroin on the sidewalk. At the same time she screamed to her husband for help. Both officers were in regulation uniform. Mr. Crews was on

the street in front of the building in and about his parked automobile. He followed the officer who found the drug back into the rooms of the defendants. In the presence of the defendants they searched the rooms and found two more bindles of heroin on the floor near a wastebasket, two spoons blackened by fire, with cotton filters saturated with heroin, and a can of powdered milk commonly used in taking heroin. One of the spoons was in a drawer of a bureau used by the husband and wife jointly; the other was lying in plain sight on top of the bureau.

The evidence was sufficient to support the finding of joint possession of husband and wife. (See *People* v. *Chan Chaun*, 41 Cal.App.2d 586 [107 P.2d 455]; *People* v. *Wong Fun*, 39 Cal.App.2d 211 [102 P.2d 774]; *People* v. *Physioc*, 86 Cal. App.2d 650 [195 P.2d 23].) In his attack upon the verdict appellant founds his argument on his attempt to show that though he lived in constant association with his wife in a small three room abode he had no possession or control over the narcotics or paraphernalia found there in open sight, but that his wife had and exercised complete and exclusive possession and control. Unfortunately for him there were six married women and two spinsters on the jury who were not impressed with his contention.

The prosecution put a witness on the stand, in rebuttal, who testified that about 11 months prior thereto the same parties were arrested at the same place charged with possession of narcotics. This defendant made timely objection and when his objection was overruled he sought to cross-examine the witness to show that he had either been acquitted or that the charge had been dismissed. He was denied this right. There was double error. The evidence was not rebuttal under any theory, but having been admitted the appellant should have been permitted to cross-examine the witness. However the error cannot be deemed prejudicial because appellant's counsel got the full story before the jury through his questions and statements of the facts in arguing the propriety of the inquiry with the court. (See *People* v. *Rodriguez*, 58 Cal.App.2d 415 [136 P.2d 626].)

The trial court correctly instructed the jury that "possession" within the meaning of the statute is "when knowingly the person has both physical control over the narcotic and the intent to exercise the right to such control."

The following instruction covering the same question of "possession" was also proper: "The narcotic need not be

actually carried or kept upon the person nor need the narcotic be in the immediate presence of the person; if the narcotic is put, kept or left by a person at some place where it is so immediately and exclusively accessible to him as to be under his dominion and control, such person is in possession of a narcotic within the meaning of our law.''

▇ Criticism is made of the portion of the instruction that the jurors must take into consideration the testimony of the defendants ''but are not bound by such testimony.'' The portion of the instruction should have been omitted. The court should never point the finger to a particular witness and tell the jury how his testimony should be treated. However, the statement that the jury was not bound by the testimony of the defendants was a mere commonplace which every juror must have known. If this were not true no one could be convicted of a criminal offense if he took the witness stand and denied commission of the offense.

The record discloses a, fair and impartial trial with no substantial error.

Judgment and order affirmed.

Goodell, J., and Jones, J. pro tem., concurred.