[Crim. No. 2781. First Dist., Div. One. May 27, 1952.]

THE PEOPLE, Respondent, v. WILLIAM JEROME VAN VALKENBURG, Appellant.

338

Arthur D. Klang for Appellant.

Edmund G. Brown, Attorney General, and Clarence A. Linn, Assistant Attorney General, for Respondent.

PETERS, P. J.—By an information dated February 11, 1949, William Van Valkenburg, the appellant, and his wife were jointly charged with three violations of section 11500 of the Health and Safety Code. The charges are that on January 10, 1949, they unlawfully possessed heroin (count one), demarol (count two) and codeine (count three). In addition, appellant was charged with two gun law violations. Both pleaded not guilty and were admitted to bail. While on bail, by an information dated April 6, 1949, appellant alone was charged with another violation, the charge being that he was unlawfully in possession of heroin on March 22, 1949. He jumped bail, became a fugitive, and was not apprehended until early in 1951. He then pleaded not guilty to the second charge. Thereafter, appellant, through his counsel, moved to set aside his pleas of not guilty to the two heroin counts (the first count of the first information and the only count in the second), which motions were granted, and pleas of guilty entered. The other two narcotic counts and the two gun law counts, on motion of the district attorney, were then dismissed. A month later appellant, through his counsel, moved to set aside his pleas of guilty and to reinstate pleas of not guilty to the two charges. The motions were denied, probation was denied, and appellant was sentenced to the state prison on the two counts, the sentences to run consecutively. The appellant appeals from the judgment and from certain orders of the trial court. He contends:

1. That the evidence at the preliminary hearings was insufficient to justify his commitment on either information;

2. That his motion to set aside his guilty pleas should have been granted;

3. That there should have been a severance; and

4. That the court abused its powers in sentencing him to

consecutive terms. There is no merit to any of these contentions.

*Was the Evidence at the Preliminary Hearings Sufficient to
Constitute Probable Cause on the Two Charges of
Possession of Heroin?*

 This point requires but brief consideration. Appellant was represented by counsel at both preliminary hearings. At the first preliminary hearing the evidence disclosed that two narcotic officers, on January 10, 1949, searched the apartment where appellant and his wife resided. They found a paper containing heroin between the mattress and the box springs. In response to a question by one of the officers, Mrs. Van Valkenburg claimed that this heroin belonged to her. Appellant remained silent. In a clothes closet in the pocket of a shirt which defendant admitted that he owned, another bindle of heroin was found. Appellant stated that he did not know how it had got into his shirt pocket. A hypodermic needle was found, and appellant appeared to be under the influence of narcotics. Codeine and demarol were also found in the room as was a gun, but the counts involving possession of these articles have been dismissed. On this evidence appellant and his wife were held for trial. Appellant moved in the superior court to set aside the information on the ground of insufficiency of evidence, and the motion was denied.

The preliminary on the charges contained in the second information was held on March 30, 1949. Narcotic officers testified to searching appellant's hotel room on March 22, 1949, in his presence, and finding a container of heroin in the toilet bowl, and also in finding heroin on the bathroom floor. More heroin was discovered in and about the hallway outside the hotel room. Defendant admitted ownership of the heroin found in his room, and admitted that he was a user.

Appellant claims that this evidence was insufficient to hold him on trial on either of the charges. Even if the evidence were insufficient, it is very doubtful if one who has later pleaded guilty, may raise this point on appeal. (See *People* v. *Wilson,* 25 Cal.2d 341 [153 P.2d 720] ; *People* v. *Outcault,* 90 Cal.App.2d 25 [202 P.2d 602].) However this may be, on the merits, it is obvious that the evidence produced at both preliminaries was amply sufficient to show ''reasonable'' and ''probable'' cause within the meaning of section 995 of the Penal Code. Appellant's argument is that, as to the charge in the first information, there is no evidence that he

was possessed of the heroin, and that the only evidence is that of his wife who admitted ownership. Appellant forgets that heroin was not only found in the mattress of the bed occupied by him and his wife, which heroin his wife claimed to own, but was also found in the pocket of a shirt admittedly owned by him, and that concerning this heroin no admissions were made. ■ While it is necessary, on a possession charge, to show knowledge on the part of the defendant (*People* v. *Gory*, 28 Cal.2d 450 [170 P.2d 433]), such possession need not be exclusive, and may be shown by circumstances as well as by direct evidence, and may be constructive as well as physical. (*People* v. *Torres*, 98 Cal.App.2d 189 [219 P.2d 480] ; *People* v. *Brown*, 92 Cal.App.2d 360 [206 P.2d 1095] ; *People* v. *Graves*, 84 Cal.App.2d 531 [191 P.2d 32] ; *People* v. *Wong Fun*, 39 Cal.App.2d 211 [102 P.2d 774].) ■ Certainly finding heroin in a mattress of the bed of the accused, or in his shirt pocket, or in and about his room, raises a reasonable and permissible inference that the heroin was his, even though another person, such as his wife, may share the bed or room with him. Such evidence is sufficient to justify the municipal court in holding the accused for trial. The evidence on the second information was clearly sufficient.

### Should the Trial Court Have Permitted Appellant to Withdraw His Pleas of Guilty?

The facts surrounding the entering of the pleas of guilty are as follows: In the municipal court, at both preliminary hearings, appellant was represented by Attorney Arthur Klang. After his apprehension as a fugitive, appellant was also represented by Klang in some of the proceedings before trial in the superior court. Appellant's wife was separately represented by Attorney Hennessy. On April 3, 1951, Attorney Polonsky, an associate of Klang's, moved that Klang be permitted to withdraw as counsel on the ground that he had not been paid. The motion was granted, the chief deputy public defender was appointed to represent appellant, and the cases involving appellant and his wife were set for trial on April 30, 1951. On that date the prosecuting attorney informed the court that appellant had raised the money to pay and had paid Klang a fee, that Klang was again representing appellant, but that Klang had left the city on a trip and would not be back until sometime in June. The prosecuting attorney also informed the court that he had informed Klang, before his departure, that the State would have no

objection to a continuance of the cases against appellant and his wife, but that the State would oppose a severance, and that appellant's wife might object to a continuance. Hennessy, attorney for Mrs. Van Valkenburg, informed the court that he had told Klang, before his departure, that he, Hennessy, had no objection to a continuance but that his client would have to be consulted and that she might object. The bail for both appellant and his wife had been fixed at a high figure. The trial court indicated that Mrs. Van Valkenburg had the right to refuse a continuance and that she was entitled to go to trial, and suggested to appellant that he secure other counsel with the understanding that Klang should return the unearned fee. Appellant objected to this procedure. Mrs. Van Valkenburg refused to agree to a continuance until Klang should return. The court then told appellant to get other counsel and again appointed the chief public defender to represent appellant, subject to any other association the appellant might desire to make. The court thereupon fixed May 14, 1951, as the date for trial on the charges contained in the first information.

On May 10, 1951, appellant appeared to plead to the second information. He pleaded not guilty. He was then represented by Polonsky. The court ordered this charge tried on May 14, 1951, together with the charges contained in the first information.

On May 14, 1951, appellant, represented now by Polonsky on all the charges, moved to withdraw his not guilty pleas to count one of the first information (joint charge with his wife of possession of heroin), and to the charge contained in the second information (possession of heroin). The motion was granted and appellant pleaded guilty to these two charges. Thereupon, upon motion of the prosecuting attorney, the gun law counts and the two counts charging unlawful possession of demarol and codeine were dismissed. Immediately counsel for appellant made motions for probation, which the court took under advisement.

Klang returned to the city sometime early in June. On June 14, 1951, he moved that appellant be permitted to withdraw his two guilty pleas on the ground they had been secured by coercion. Klang requested and was granted permission to file the affidavit of appellant in support of the motion. In this affidavit appellant recounts the facts substantially as they have been set forth in this opinion; avers that Polonsky

informed the affiant that he was without experience in criminal trials; avers that when the court denied the continuance and set the cases for trial he knew he would have to proceed to trial with inexperienced counsel; that he was thus "coerced" by these circumstances to withdraw his pleas of not guilty and plead guilty to the two charges.

▮ The trial court was justified in refusing to permit the appellant to withdraw his pleas. No coercion or overreaching by the court, prosecuting attorney or other government official is charged. The essence of appellant's position is that he was coerced into pleading guilty because his retained experienced lawyer was absent, leaving behind only an inexperienced lawyer to represent him, because the state opposed a severance of the charges as between appellant and his wife, and because of the refusal to grant a continuance. At no time during the hearing of May 14th, or in any of the preceding hearings, did appellant raise these points. The prosecuting attorney testified that the agreement on appellant's part to plead guilty to the two charges, and on the State's part to dismiss the other four charges, was worked out in conferences covering two or three days. During these conferences there was no intimation that appellant felt coerced. It is quite obvious that this concept of coercion only arose after appellant had reason to believe his motion for probation would be denied, and that he was to receive consecutive and not concurrent sentences. ▮ While pleas of guilty will and should be set aside where the public officials, directly or impliedly, coerce or induce the plea or overreach the will of the accused (*People v. Gilbert*, 25 Cal.2d 422 [154 P.2d 657]; *People v. Griggs*, 17 Cal.2d 621 [110 P.2d 1031]; *People v. Campos*, 3 Cal.2d 15 [43 P.2d 274]; *People v. Schwarz*, 201 Cal. 309 [257 P. 71]; *People v. Odlum*, 91 Cal.App.2d 761 [205 P.2d 1106]; *People v. Butler*, 70 Cal.App.2d 553 [161 P.2d 401]; *People v. Outcault*, 90 Cal.App.2d 25 [202 P.2d 602]; *People v. McGarvy*, 61 Cal.App.2d 557 [142 P.2d 92]), it is equally clear that mere disappointment of the accused in the awarded sentence, or reliance upon his own counsel's advice, are not sufficient to prove abuse of discretion in denying the motion. (*People v. Dabner*, 153 Cal. 398 [95 P. 880]; *People v. Manriquez*, 188 Cal. 602 [206 P. 63, 20 A.L.R. 1441]; *People v. Lennox*, 67 Cal. 113 [7 P. 260]; *People v. Miller*, 114 Cal. 10 [45 P. 986]; *People v. Griffin*, 100 Cal.App.2d 546 [224 P.2d 47]; *People v. Butler*, 70 Cal.App.2d 553 [161 P.2d 401].) ▮ The appellant has failed to prove an abuse of discretion.

### Should There Have Been a Severance?

No motion for a severance was made and no showing made as to why one should have been granted. It is true that the prosecuting attorney indicated that he would oppose such a motion, but that is no excuse for not making it. Under Penal Code, section 1098, the granting of a severance is placed within the discretion of the trial judge. No abuse of discretion here appears.

### Was There an Abuse of Discretion in Sentencing Appellant to Consecutive Terms?

The appellant urges that the trial judge was prejudiced against him because he was charged with narcotic offenses, and, as a result, gave him consecutive and not concurrent sentences. There is no evidence of such claimed prejudice in the record. The trial judge was entitled to consider the fact that while this appellant was on bail on the charges contained in the first information, he again violated the law by having possession of heroin, and that he then jumped bail and became a fugitive from justice. He was also entitled to consider the testimony of the narcotic officers at the two preliminary hearings. Whether the sentences should be concurrent or consecutive was for him to decide. No abuse of discretion appears.

The judgment and orders appealed from are affirmed.

Bray, J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied June 11, 1952.