[Crim. No. 6950.   Second Dist., Div. One.   Feb. 29, 1960.]

THE PEOPLE, Respondent, v. VINCENT MORIEGA BRETADO, Appellant.

Ellery E. Cuff, Public Defender (Los Angeles), Charles Gordon and Richard W. Erskine, Deputy Public Defenders, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

LILLIE, J.—After submitting the matter to the trial court on the reporter's transcript of the proceedings had at the preliminary hearing, defendant was convicted of possession of marijuana in violation of section 11500, Health and Safety Code. He appeals from the judgment and order denying his motion for a new trial. The sole issue before this court relates to the sufficiency of the evidence to support the conviction of guilt.

Defendant offered no defense testimony and did not take the stand in his own behalf. There is no conflict in the evidence; and assuming every fact which the trial court could have reasonably deduced therefrom (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778]), we find no legitimate ground for reversal.

On April 30, 1959, defendant's brother Maragito was arrested at his home in Azusa by Officer Trujillo, at which time and place marijuana was found. Shortly thereafter on the same day, Trujillo and other officers returned to the residence where they spoke to defendant's mother who gave permission to search the premises, the result of which they found a box containing two brown marijuana cigarettes on "top of a shelf or on top of a closet" in what his mother stated to be defendant's bedroom. Approximately 20 minutes later Deputy Caruth arrested defendant in the alley area behind the house. He told the deputy that the box belonged to him, having found it near his place of work. Asked by the officer if the brown-wrapped cigarettes were his, he said he knew nothing about them. Then asked to look in the box, defendant did so and said that "he did not know what was in there, that it wasn't in there when he found it," and he had not looked in it since he found it. Defendant also told the officer that the room in which the box was found belonged to him, was the one in which he slept and in which he had

his personal belongings, including his clothing and personal effects; and that his brother, who also lived in the house, "has all his stuff in the other bedroom."

Citing *People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433], and *People* v. *Winston,* 46 Cal.2d 151 [293 P.2d 40], and relying chiefly on *People* v. *Antista,* 129 Cal.App.2d 47 [276 P.2d 177], appellant contends that the evidence is insufficient to support the judgment of conviction in that the People failed to prove the narcotic was under his dominion and control and that he knew of its presence and narcotic nature.

The Supreme Court in *People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433], after an extensive review and discussion of the authorities on the issue of possession, laid down the general rule here applicable: "The distinction which must be drawn, from a reading of the foregoing authorities, is the distinction between (1) knowledge of the character of the object and the unlawfulness of possession thereof as embraced within the concept of a specified intent to violate the law, and (2) knowledge of the presence of the object as embraced within the concept of 'physical control with the intent to exercise such control,' which constitutes the 'possession' denounced by the statute. It is 'knowledge' in the first sense which is mentioned in the authorities as being immaterial but 'knowledge' in the second sense is the essence of the offense." (Pp. 455-456.) Thus, the issue before us is simply whether there is sufficient evidence to support the implied finding of the trial court that defendant had knowledge of the presence of the marijuana in his personal effects in his room as embraced within the concept of "physical control with the intent to exercise such control" (*People* v. *Gory,* 28 Cal.2d 450, 455 [170 P.2d 433]), which is the very essence of the offense charged against him (*People* v. *Douglas,* 141 Cal.App.2d 33, 36 [296 P.2d 1]).

That the narcotic was in a box belonging to defendant, located in his room, is demonstrated by the undisputed testimony; and while his knowledge of the presence of the marijuana cigarettes in the box must be shown, the uncontradicted fact that they were found in defendant's personal effects, on top of a closet in his bedroom, justified the inference that he knew of their presence. Appellant, however, seeks to take advantage of the evidence that his brother, a convicted narcotic violator, also lived in the house; but any suggestion that this, standing alone without further elaboration or explanation, could negative a finding that the box

and its contents belonged to defendant and that he knew of their presence in his bedroom, is without merit. Factually, there is nothing in the record to show Maragito had access to defendant's room, his closet or his personal effects; on the contrary, it discloses by defendant's own admission, that his brother occupied another bedroom in which he had "all his stuff." Any implication, therefore, that the narcotic belonged to another, or it was placed in defendant's room without his knowledge, must be based solely on the evidence that Maragito had access to the house in which he lived in another room, which implication we deem to be unreasonable under the circumstances. Defendant did not take the stand to deny the cigarettes were his or to explain their presence in his room; nor did he at any time directly accuse his brother of possession of the narcotic or represent that Maragito visited or occupied his room. Defendant at no time made any suggestion that the only other person occupying the house, his mother, was involved in the crime; and neither she nor Maragito took the stand on his behalf. ■ Circumstances as well as direct evidence may show possession which may be constructive as well as physical. (*People* v. *Van Valkenburg*, 111 Cal.App.2d 337, 340 [244 P.2d 750].)

■ Nor is exclusive possession necessary, for although others may have had access to the residence, or even to the defendant's bedroom, this "would not of itself give them access to the closets" (*People* v. *Flores*, 155 Cal.App.2d 347, 349 [318 P.2d 65]) ; and certainly finding the marijuana among the personal effects of the accused, in his room, in an out-of-the-way place on a shelf above his closet, raises a reasonable and permissible inference that the narcotic was his even though another person may have had access to the house and to his room, or even shared the same with him (*People* v. *Van Valkenburg*, 111 Cal.App.2d 337 [244 P.2d 750]).

■ Possession having been established, under the rule "that the mere possession of a narcotic constitutes substantial evidence to sustain a finding that the possessor of the narcotic knew of its nature" (*People* v. *Woods*, 108 Cal.App.2d 50 [238 P.2d 124]; *People* v. *Physioc*, 86 Cal.App.2d 650 [195 P.2d 23]; *People* v. *Carlton*, 83 Cal.App.2d 475 [189 P.2d 299]), it was properly presumed by the trial court that defendant had knowledge of the contents of the box in his possession (*People* v. *Gin Shue*, 58 Cal.App.2d 625, 628

[137 P.2d 742] ) and knew the narcotic nature thereof. (*People* v. *Woods,* 108 Cal.App.2d 50 [238 P.2d 124].)

*People* v. *Antista,* 129 Cal.App.2d 47 [276 P.2d 177], presenting quite a different situation than the one at bar is not here controlling as urged by appellant. There, officers went to appellant's apartment while he was absent, but where codefendant and a third person were present, and found marijuana. Appellant testified he had not been in the apartment for some hours, denied all knowledge of the narcotic and represented he was a nonsmoker due to a health condition. There was no evidence he had ever had any previous connection with narcotics. The evidence showed that others came to watch television and the premises were available for their use even in the absence of appellant; and that codefendant, who had been previously convicted of using heroin, had a key to the apartment, had clothing in a bedroom, and had spent the previous night there. Codefendant had access to the entire premises and was in possession thereof when the officers arrived; appellant was not there. The only evidence even remotely connecting him with the offense was that he lived on the premises in which the marijuana was found. The court, in reversing the judgment, noted that in all such cases in which conviction was upheld there was, in addition, some incriminating circumstance indicative of the presence of the narcotic and defendant's control of it; and at page 53 it stated: "If the substance had been found in the personal effects of the defendant that would have been a potent circumstance indicating knowledge of its presence, ownership and control. Such is the nature of the circumstantial evidence found in many of the cases. . . ." There the officers found marijuana in a cupboard in the living room and in an ash tray, also in a broken radio in an unused bedroom or storeroom. In the instant case, the incriminating circumstance absent in the Antista case, *supra,* is found in the uncontradicted evidence that the marijuana was found in defendant's bedroom on top of his closet in his personal effects. Too, while appellant in the Antista case took the stand and denied knowledge of the marijuana and exclusive use of his apartment, here defendant did not take the stand to deny or explain the evidence against him, a significant factor for the consideration of the trier of the fact (*People* v. *Ashley,* 42 Cal.2d 246 [267 P.2d 271] ; *People* v. *Williams,* 53 Cal.2d 299 [347 P.2d 665] ) as tending to indicate the truth of such evidence against him and, as among the infer-

ences that may be drawn therefrom, that those unfavorable to the defendant are the more probable (*People* v. *Adamson,* 27 Cal.2d 478 [165 P.2d 3] ; *People* v. *Hopper,* 168 Cal. App.2d 406 [336 P.2d 28]). Also influencing the trial court may have been the answers given to the police officer by defendant upon his arrest. He was asked if the box belonged to him. He said it did, that he found the box and had it for two or three weeks. Then asked if the ''contents of the box, the brown wrapped cigarettes were his,'' defendant ''stated that he had no knowledge of them.'' The officer for the first time then asked him to look in the box and defendant said he did not know what was in there, and that it was not there when he found it, and that he had not looked in the box since he found it. It is interesting to note that even before defendant opened the box and viewed the contents, he denied knowledge of the brown cigarettes without asking the officer to what brown cigarettes he was referring. Another adverse circumstance the trial judge might well have considered was defendant's failure to produce evidence that was within his power to produce (*People* v. *Adamson,* 27 Cal.2d 478, 488 [165 P.2d 3] ; *People* v. *Kelly,* 77 Cal. App.2d 23, 26 [174 P.2d 342]). Although he inferred the narcotic really belonged to his brother, he neither called him nor offered any reason why he did not.

██ After conviction of an accused, all intendments are in favor of the judgment and the trial court's determination of guilt will not be set aside unless the record clearly shows that upon no hypothesis whatsoever is there sufficient substantial evidence to support it (*People* v. *Lindley,* 26 Cal.2d 780 [161 P.2d 227] ; *People* v. *Kerr,* 37 Cal.2d 11 [229 P.2d 777] ; *People* v. *Crooker,* 47 Cal.2d 348 [303 P.2d 753]). There is no such showing in the record before us.

For the foregoing reasons the judgment and order denying defendant's motion for new trial are affirmed.

Wood, P. J., and Fourt, J., concurred.