[Crim. No. 7435. In Bank. Jan. 28, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE GARY GROOM, Defendant and Appellant.

Burton Marks and Harry Weiss for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Walter E. White, Deputy Attorney General, for Plaintiff and Respondent.

PEEK, J. — The sole contention made by defendant in his appeal from a judgment of conviction for possession of marijuana (Health & Saf. Code, § 11530) is that the evidence is insufficient to sustain the judgment. This contention we hold to be without merit.

Subject to the right of the prosecution to introduce additional evidence the cause was submitted to the trial court on the transcript of the preliminary hearing, which contained only the testimony of Officer Madison of the Los Angeles Police Department that at approximately 4:30 a.m. on June 6, 1961, as he and Officer Allen were driving east on Sunset Boulevard in an unmarked patrol car and wearing civilian clothing they observed the defendant walking in the opposite direction; that as the officers passed the defendant he looked over his shoulder toward the patrol car and continued to so

696

watch the officers as they drove on; that the officers likewise continued to watch defendant as they passed; that they then made a U-turn and drove westward back toward defendant; that as they approached the defendant and stopped at the curb, he reversed his direction; that when 15 or 20 feet from the car he "opened his right hand and made a downward throwing motion"; that as he did so Madison saw a small white object fall to the sidewalk and bounce behind a nearby newsstand.

After the vehicle was stopped Madison further testified that he stepped out and identified himself; that Officer Allen then approached and both officers began a conversation with defendant; that while so engaged Madison walked over to the newsstand where he observed a white paper-wrapped cigarette lying on the sidewalk; that the sidewalk was clean, and that there was no other paper or foreign objects on the sidewalk in the immediate area.

Officer Madison then related that when he asked the defendant where he got the marijuana cigarette the latter replied that it was not his; that there were thousands of people that walked by that corner daily; that when Madison told defendant he saw him throw an object the "[D]efendant stated that with what he knew now, that this, he was just carrying one joint. He would never throw it. He would swallow it." When the officer told defendant "that he might as well admit that the cigarette was his, that ... [he] had observed him throw the cigarette," defendant "stated that he was not going to cop to anything or admit knowledge of marijuana at this time, and that I knew why."

No other pedestrians were observed in that area, and traffic was very light. It was not yet light and the streetlights were still burning.

In accordance with a stipulation at the outset of the trial by which the prosecution reserved the right to introduce additional evidence, Officer Allen was called and testified to substantially the same facts as had Officer Madison at the preliminary hearing.

Defendant did not testify during the preliminary examination or at the trial.

 Unlawful possession of narcotics is established by proof (1) that the accused exercised dominion and control over the contraband, (2) that he had knowledge of its presence, and (3) that the accused had knowledge that the material was a narcotic. (*People* v. *Redrick*, 55 Cal.2d 282, 285 [10 Cal.Rptr. 823, 359 P.2d 255].) The foregoing ele-

ments may be established by circumstantial evidence and any reasonable inferences drawn from such evidence. (*People* v. *Jackson*, 198 Cal.App.2d 698, 704 [18 Cal.Rptr. 214].) ██ And finally when the sufficiency of the evidence is challenged an appellate court must affirm if the record contains substantial evidence of all elements of the crime. (*People* v. *Contreras*, 211 Cal.App.2d 641, 646 [27 Cal.Rptr. 619].)

██ The evidence before the trial court relating to the first element disclosed that two police officers in an otherwise deserted area observed defendant throw an object similar in appearance to a cigarette, that a short distance from defendant and in an area which contained no other debris they located a cigarette which was later determined to contain marijuana. From this it could be inferred that defendant at one time exercised physical dominion over that cigarette. The evidence that in a deliberate motion he threw the cigarette sufficiently indicates his knowledge of that object and this satisfies the second requirement. Lastly, from the testimony that defendant continued to watch the police vehicle and abruptly changed direction as the officers turned the car around to observe him more closely, coupled with his disposal of the cigarette when the vehicle drew near, and his comment to the officers, the trier of fact reasonably could have assumed that defendant had knowledge that the cigarette was contraband or narcotic (see *People* v. *Wallace*, 197 Cal.App.2d 600, 602 [17 Cal.Rptr. 396]) and thus satisfy the third element.

Moreover, while defendant's statements to the officers at the time of arrest could be interpreted as partially exculpatory in that he denied that the cigarette was his, such statements constituting evidence in defendant's behalf even though introduced as part of the People's case (see *People* v. *Collins*, 189 Cal.App.2d 575, 589 [11 Cal.Rptr. 504] ; 2 Wigmore, Evidence (3d ed. 1940) § 290, p. 180), the inference that he had knowledge of the narcotic character of the cigarette was strengthened by his use of the term "joint" for marijuana cigarette (see *People* v. *Newman*, 127 Cal.App.2d 430, 432, 434 [273 P.2d 917]), and his statement that if "just carrying one joint" he "would swallow it." (See *People* v. *Williams*, 202 Cal.App.2d 387, 395 [20 Cal.Rptr. 740].)

The judgment is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Tobriner, J., concurred.