[Crim. No. 16888. Second Dist., Div. Two. Apr. 17, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER AL SPELIO, Defendant and Appellant.

---

## COUNSEL

Carl Yanow, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Michael R. Botwin, Deputy Attorney General, for Plaintiff and Respondent.

---

## OPINION

**ROTH, P. J.**—Christopher Spelio appeals from a judgment of conviction (order granting probation) of a violation of Health and Safety Code section 11530, possession of marijuana. A jury found appellant guilty and his

codefendant not guilty. Motions made under Penal Code sections 995 and 1538.5, prior to trial, were denied.

On January 7, 1969, at about 12:30 a.m. Officer Clements stopped the automobile appellant was driving. One of the headlights was out. Appelland and Stanley Lauritsen, a passenger, got out of the car and met the officer half way between the vehicles.

Officer Clements asked appellant for his driver's license and vehicle registration. He showed the officer his driver's license and the registration. The latter was for 1967. When asked for the 1968 registration, "He stated he didn't think he had it." After additional officers arrived, Officer Clements went to the driver's side of the car to check the identification tag located on the door panel. As he knelt to check the numbers, he saw what he believed to be marijuana seeds along the door runner. He then found additional seeds, a handrolled marijuana cigarette and several remnants of marijuana cigarettes.

Appellant testified on his own behalf. He stated that he first produced a 1967 registration and then produced the 1968 registration from the glove compartment and that Officer Clements got into the back seat of his car and found a beer can and marijuana seeds followed by the marijuana cigarette and cigarette remnants.

Appellant further testified that he had never seen marijuana seeds, that he had never smoked marijuana, and that he might have seen "a few hippies" smoking marijuana. He also testified that about a week before the morning of January 7, he saw four strange people sitting in his car when it was parked at a friend's house. Two additional witnesses testified that they had seen the four strangers in appellant's car on that occasion.

■ Appellant first contends that the search made of his automobile was unlawful. ■ "The mere observation of that which is in plain and open view does not constitute a search." (*People* v. *Walters,* 264 Cal.App.2d 834, 841 [70 Cal.Rptr. 766].) ■ Having seen the marijuana seeds, Officer Clements certainly had probable cause to believe the car contained further contraband. An officer may search a vehicle if he has probable cause to believe it contains contraband. (*People* v. *Terry,* 70 Cal.2d 410, 428 [77 Cal.Rptr. 460, 454 P.2d 36]; *People* v. *Gale,* 46 Cal.2d 253, 255 [294 P.2d 13].) ■ The evidence was therefore properly admissible.

Appellant next contends that there was insufficient evidence to prove that he had dominion and control over any of the so-called marijuana. ■ "Unlawful possession of narcotics is established by proof (1) that the accused exercised dominion and control over the contraband, (2) that he

had knowledge of its presence, and (3) that the accused had knowledge that the material was a narcotic." (*People* v. *Groom,* 60 Cal.2d 694, 696 [36 Cal.Rptr. 327, 388 P.2d 359]; *People* v. *White,* 71 Cal.2d 80, 82-83 [75 Cal.Rptr. 208, 450 P.2d 600]; *People* v. *Showers,* 68 Cal.2d 639, 642, 643 [68 Cal.Rptr. 459, 440 P.2d 939]; *Rideout* v. *Superior Court,* 67 Cal.2d 471 [62 Cal.Rptr. 581, 432 P.2d 197].) ■ Each element "may be established by circumstantial evidence and any reasonable inferences drawn from such evidence." (*People* v. *White, supra,* at p. 83; *People* v. *Groom, supra,* at p. 697; *People* v. *Vasquez,* 1 Cal.App.3d 769, 777 [82 Cal.Rptr. 131].) ■ The evidence, including the fact that the contraband was found in appellant's car and that no one other than he ever drove the car, was sufficient for the trier of fact to find that appellant exercised dominion and control over the marijuana.

Appellant finally contends that it was error for the trial court to deny his motion for a new trial which was based on alleged jury misconduct. In support of the motion, four affidavits were filed (by appellant's attorney, appellant, appellant's stepmother and the codefendant). Each alleged, in substance, that one of the jurors, Mrs. Tate, stated to them following the trial, that she had discussed appellant's testimony with her child and that at least one other member of the jury had discussed the case with her children. The children, Mrs. Tate said, convinced the various jurors that appellant must have been lying because "every high school and college student knew what marijuana looked like . . . ."

Evidence Code, section 1150 provides, in part, "Upon an inquiry as to the validity of a verdict, *any otherwise admissible evidence may be received* as to statements made, or conduct, conditions, or events occurring, either within or without the jury room of such a character as is likely to have influenced the verdict improperly. . . ." (Italics added.)

In *People* v. *Hutchinson,* 71 Cal.2d 342 [78 Cal.Rptr. 196, 455 P.2d 132], our Supreme Court, after discussing the derivation and history of the common law rule that a jury may not be heard to impeach its own verdict and the policies in favor of stability of verdicts and justice for the individual, concluded "that there is no substantial conflict of policies and that the wrong to the individual cannot be considered the lesser of two evils." The court in *Hutchinson* said at page 350: "Admission of jurors' affidavits within the limits set by section 1150 protects the stabiltiy of verdicts, and allows proof by the best evidence of misconduct on the part

of either jurors or third parties that should be exposed, misconduct upon which no verdict should be based. . . ." ■ It is clear that the narrow interpretation of the common law rule heretofore followed in this state, that the verdict of a jury may be impeached only when the verdict was reached by lot or chance or a showing of corruption has been expanded to permit "admissible evidence . . . as to statements . . . within or without the jury room . . . likely to have influenced the verdict improperly." (Evid. Code, § 1150.)

Appellant's credibility was crucial to his defense. The out-of-court statement by the jurors' children averred in the affidavits, may well have been a critical factor in appellant's conviction. However, the affidavits submitted at bench contained hearsay thrice and twice removed. Mrs. Tate did not nor did the other jurors, nor did any of the children vaguely referred to make any affidavits.

■ We are of the opinion that section 1150 of the Evidence Code should not be expanded to require action on the basis of hearsay twice and thrice removed, even though it is reiterated four-fold in four separate affidavits.

The judgment (order granting probation) is affirmed. The purported appeal from the denial of the motion for new trial is dismissed.

Fleming, J., and Wright, J., concurred.