[Crim. No. 15504. In Bank. June 24, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
ALBERT LEROY WILLIAMS, Defendant and Appellant.

212

## COUNSEL

Albert Flaxman for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, Frederick R. Millar, Jr., and Rodney Lilyquist, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BURKE, J.**—Defendant appeals from a judgment of conviction for possession of a restricted dangerous drug (Health & Saf. Code, § 11910) entered following trial by the court. We have concluded that the judgment should be reversed on the ground that there was no substantial evidence introduced to show that defendant had the requisite knowledge of the character of the drug found in the vehicle in which he was arrested.

The facts which led to defendant's arrest are as follows: Around 2:30 a.m. on October 12, 1969, Officer Pettus observed defendant seated alone in the right front passenger seat of a car parked in a lot adjoining an apartment house. The officer approached the car and noticed defendant making "a motion to the center of the seat." Pettus motioned for defendant to lower

the car window and thereafter asked defendant what he was doing in the parking lot. Defendant replied that he was waiting for a friend who was speaking to the building manager about obtaining an apartment. The officer asked defendant for his identification, and as defendant stepped outside the car with his wallet, the interior lights illuminated the inside of the vehicle, enabling the officer to observe two brown paper bags (containing beer) lying on the carpet in front of the passenger seat occupied by defendant and one benzedrine tablet lying at the base of one of the bags. Pettus thereupon arrested defendant for possession of a dangerous drug; a subsequent search of the car produced two other brown paper bags partially concealed beneath the driver's seat. The top bag had been partly torn open; it contained 832 benzedrine tablets. The other bag contained 1,001 such tablets.

Defendant testified that he had been in a bar around 12:30 and had purchased a six-pack of beer. As he was leaving the bar, David Shubin invited him to come with him for some coffee. Defendant left with Shubin in Shubin's car, sitting on the passenger side of the front seat. Shubin drove to an apartment house and exited from the car, explaining to defendant that he was going to try to get a room there. Defendant accompanied Shubin into the apartment, but soon became tired of waiting and returned to the car, where he was subsequently arrested. Defendant denied any knowledge of the presence or character of the tablets in the bags beneath the driver's seat or of the single tablet found on the floor in front of the seat occupied by defendant. Shortly after defendant's arrest, Shubin was apprehended in or near the apartment house. Officer Pettus was able to confirm that the car in which defendant had been seated belonged to Shubin. We are not informed whether Shubin was also tried for possession of the drugs found in his car.

Defendant challenges the sufficiency of the foregoing evidence to sustain his conviction for possession of a restricted dangerous drug. As we recently pointed out in *People* v. *Redmond,* 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321], "This court must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] If the circumstances reasonably justify the trial court's findings, reversal is not warranted merely because the circumstances might also be reasonably reconciled with a contrary finding. [Citations.] The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact; it is not whether guilt is established beyond a reasonable doubt. [Citation.]"

In determining the sufficiency of the evidence to support a conviction for possession of a restricted dangerous drug, precedents relating to

possession of narcotics are relevant. (See *People* v. *Hunt,* 4 Cal.3d 231, 236 [93 Cal.Rptr. 197, 481 P.2d 205].) ■ The elements of possession of narcotics are physical or constructive possession thereof coupled with knowledge of the presence and narcotic character of the drug: *(People* v. *White,* 71 Cal.2d 80, 82 [75 Cal.Rptr. 208, 450 P.2d 600]; *People* v. *Francis,* 71 Cal.2d 66, 73 [75 Cal.Rptr. 199, 450 P.2d 591]; *People* v. *Groom,* 60 Cal.2d 694, 696-697 [36 Cal.Rptr. 327, 388 P.2d 359]; *People* v. *Redrick,* 55 Cal.2d 282, 285 [10 Cal.Rptr. 823, 359 P.2d 255]; *People* v. *Gorg,* 45 Cal.2d 776, 780 [291 P.2d 469].) ■■ Constructive possession occurs when the accused maintains control or a right to control the contraband; possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or to the joint dominion and control of the accused and another. *(People* v. *Francis, supra,* 71 Cal.2d 66, 71.)

■ The elements of unlawful possession may be established by circumstantial evidence and any reasonable inferences drawn from such evidence. *(People* v. *White, supra,* 71 Cal.2d 80, 83; *People* v. *Groom, supra,* 60 Cal.2d 694, 697.) ■ In the instant case, sufficient circumstantial evidence existed from which the court could infer that defendant had dominion and control over, and knowledge of the presence of, the single tablet found in plain sight on the floor in front of the seat where he was sitting. (See *People* v. *Redrick, supra,* 55 Cal.2d 282, 285-288, and cases cited; *People* v. *Boddie,* 274 Cal.App.2d 408, 411-412 [80 Cal.Rptr. 83]; cf. *Rideout* v. *Superior Court,* 67 Cal.2d 471, 475 [62 Cal.Rptr. 581, 432 P.2d 197].)

On the other hand, we find no evidence whatsoever, circumstantial or otherwise, to support a finding that defendant knew that the tablets in Shubin's car were restricted dangerous drugs. As we have seen, knowledge by the accused of the character of the contraband is an essential element of the offense of possession. (E.g., *People* v. *White, supra,* 71 Cal.2d 80, 82; *People* v. *Winston,* 46 Cal.2d 151, 160-161 [293 P.2d 40].) Defendant's knowledge of the *presence* of the tablets would not necessarily establish defendant's knowledge of their *character;* the officer described these tablets as "white" and "double-scored," and as "resembling" benzedrine, but there was no evidence in the record that these tablets were particularly distinctive or identifiable as restricted dangerous drugs, or that defendant or anyone else would have recognized the tablets as such.[1]

---

[1]In *People* v. *Newman, ante,* pages 48, 53 [95 Cal.Rptr. 12, 484 P.2d 1356], defendant's knowledge of the character of certain dangerous drugs was established by his admitted familiarity with drug use and his recognition that similar packages or "bindles" contained drugs. No such evidence was presented in the instant case.

██ · Of course, knowledge of the character of dangerous drugs or narcotics may be shown by acts or declarations of the accused which indicate a "consciousness of guilt," (*People* v. *Redrick, supra,* 55 Cal.2d 282, 287-288; *People* v. *Mermuys,* 2 Cal.App.3d 1083, 1089-1090 [82 Cal.Rptr. 902]; see *People* v. *Solo,* 8 Cal.App.3d 201, 206-208 [86 Cal.Rptr. 829]), but no such circumstances were present in the instant case. Defendant's supposed "motion" toward the center of the seat was, at best, an ambiguous gesture and one which could hardly be characterized as "furtive" or indicative of a "consciousness of guilt." (See *People* v. *Superior Court (Kiefer),* 3 Cal.3d 807, 818-819 [91 Cal.Rptr. 729, 478 P.2d 449].)

It is suggested that defendant's knowledge of the character of the tablets found in Shubin's car is supported by the very fact that he was in "possession" of those tablets. It is true that in *People* v. *White, supra,* 71 Cal.2d 80, 83, this court stated that "the mere possession of a narcotic constitutes substantial evidence that the possessor of the narcotic knew of its nature. [Citations.]" (Accord, *People* v. *White,* 11 Cal.App.3d 390, 396 [89 Cal.Rptr. 761]; see *Russell* v. *Superior Court,* 12 Cal.App.3d 1114, 1118 [91 Cal.Rptr. 255]; *People* v. *Anderson,* 6 Cal.App.3d 364, 371 [85 Cal.Rptr. 669].) However, in our *White* case, where marijuana cigarettes and "roaches" were found in defendant's own bedroom, we used the word "possession" in an informal sense to denote the presence of contraband on one's person or among one's own personal effects, rather than to state a rule applicable to all possible situations in which one has dominion and control and immediate access to contraband (i.e., constructive possession). The *Anderson* case, *supra,* states the rule in these words: "Ordinarily the fact that a narcotic is found in the personal effects of the defendant is compelling proof that defendant knew what he possessed and its nature. (See, e.g., *People* v. *White* (1969) [*supra*] 71 Cal.2d 80, 83 . . . .) It would be most extraordinary that the defendant in this case would attempt to deny that she knew the nature of the green leafy substance which was wrapped in a cellophane bag within a box which she was carrying in her purse."

In the instant case, on the other hand, the facts do not justify any reasonable inference that defendant knew the character of the drugs found in Shubin's car. ██ Although defendant may have been in constructive possession of the contraband, such possession alone does not satisfy the requirement of knowledge developed by the cases. (See *People* v. *Winston, supra,* 46 Cal.2d 151, 160-161.)

There is no question that the evidence in this case could form the basis for a strong suspicion of defendant's guilt. ██ However, as we emphasized in *People* v. *Redmond, supra,* 71 Cal.2d 744, 755, "Evidence

which merely raises a strong suspicion of the defendant's guilt is not sufficient to support a conviction. ■ Suspicion is not evidence; it merely raises a possibility, and this is not a sufficient basis for an inference of fact. [Citations.]" (Accord, *People* v. *Cook,* 275 Cal.App.2d 970, 974 [80 Cal. Rptr. 528].)

■ We conclude that there was no substantial evidence that defendant knew that the tablets in the car were restricted dangerous drugs.

The judgment of conviction is reversed.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.