[L.A. No. 30648. Apr. 26, 1978.]

THE COURT OF APPEAL, SECOND APPELLATE DISTRICT,
Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
CHRISTOPHER A. SPELIO, Real Party in Interest.

122

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Roger W. Boren and William R. Pounders, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Herbert M. Rosenthal and Ronald W. Stovitz as Amici Curiae on behalf of Petitioner.

Christopher A. Spelio, in pro. per., for Real Party in Interest.

Leo Paoli, Arthur M. Sohcot, Maryjane Mulholland, Peter H. Meyers and Gordon S. Brownell as Amici Curiae on behalf of Real Party in Interest.

## OPINION

**MOSK, J.—** Real party in interest Spelio was convicted in 1969 of possession of marijuana (former Health & Saf. Code, § 11530), and the conviction was affirmed on appeal (*People* v. *Spelio* (1970) 6 Cal.App.3d 685 [86 Cal.Rptr. 113]). On February 25, 1976, Spelio petitioned respondent superior court for an order to destroy the records of his conviction pursuant to former Health and Safety Code section 11361.5, subdivision (b) (Stats. 1975, ch. 248, § 4, p. 643). On March 8, 1976, the court granted the relief prayed for. Petitioner Court of Appeal was included among the courts and agencies ordered to destroy their records of Spelio's conviction. Petitioner unsuccessfully moved to quash the order, then filed both an appeal and an application for writ of mandate in this court. We issued an alternative writ.

Petitioner's appeal was still pending when the statutory authority for the court order to destroy records was repealed without a saving clause, effective January 1, 1977. (Stats. 1976, ch. 952, § 1.) For the reasons stated in part I of our opinion in *Younger* v. *Superior Court, ante,* pages 102, 109 [145 Cal.Rptr. 674, 577 P.2d 1014], respondent superior court no longer has jurisdiction to enforce its order of March 8, 1976, and the order must therefore be vacated.[1]

Let a peremptory writ of mandate issue requiring respondent superior court to vacate its order for destruction of records.

Bird, C. J., Tobriner, J., Clark, J., Richardson, J., Manuel, J., and Sullivan, J.,* concurred.

---

[1]For the reasons stated in part V of our opinion in *Younger* v. *Superior Court supra, ante,* page 118, we do not reach the contention of the State Bar as amicus curiae that Health and Safety Code sections 11361.5 and 11361.7 violate the separation of powers as applied to the admission or discipline of attorneys. No party to this case is an attorney.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairperson of the Judicial Council.