[Crim. No. 13101.    Second Dist., Div. Five.    Sept. 18, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ARTHUR WILLIAMS, Defendant and Appellant.

Velma E. Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Phillip Samovar, Deputy Attorney General, for Plaintiff and Respondent.

STEPHENS, J.—Defendant Arthur Williams appeals from a judgment entered after trial by jury finding him guilty of possession of marijuana, in violation of Health and Safety Code section 11530. Defendant contends that various prejudicial errors were committed by the prosecuting attorney during his closing arguments to the jury.

On Sunday, July 31, 1966, at shortly before noon, defendant was found by a Los Angeles City ambulance crew at the intersection of Linden and California Court in Venice. Defendant was sitting on the ground in a very intoxicated state and smelling of liquor. Officer Jerry Jones of the Los Angeles Police Department arrived shortly after the ambulance crew. The officer took defendant into custody and took him to the Venice station for booking. At the station, defendant was having difficulty in removing his personal possessions for safekeeping at the booking counter. Officer Jones assisted defendant in removing the items from his person. Jones testified that he removed defendant's wallet from his left rear pocket and beneath the wallet he found and removed a plastic bag which contained six hand rolled cigarettes, later found to contain marijuana. According to the officer, defendant made the spontaneous remark: "You were going to book me for drunk, and now you are going to book me for possession." The officer then testified that he duly advised defendant of his constitutional rights and ascertained that defendant understood them. Defendant was then queried as to where he had obtained the cigarettes. He stated that he had found them on the street near Seventh and Broadway the previous night.

. Defendant asserted on the witness stand that he had found the cigarettes early on Sunday morning near Seventh and Broadway while he was walking with a friend, one Clyde Smith, Jr. The two had been drinking the night before and were on their way back to the scene of the party to further indulge. Defendant admitted to having a "drinking problem." Along the side of the sidewalk in some weeds, defendant saw the plastic bag. Smith asked what it was and defendant said that it looked like marijuana cigarettes. Smith asked what he was going to do with them, and defendant replied that he was going to turn them over to the police. Defendant then put the cigarettes into his jacket pocket.

The two continued to their friend's house, where they consumed some beer and scotch. Defendant said that he became dizzy and laid down. About 30 minutes later his host had to leave and defendant was informed that he and Smith

would have to go elsewhere. Defendant testified that he and Smith then left and that he (defendant) intended to go to the police station but that he was still dizzy and again laid down, this time on the sidewalk. Defendant explained that he had recurring dizzy spells ever since he had been hit on the head while being robbed several weeks prior. Defendant said that he told Smith to leave; that in awhile he (defendant) would be all right. Smith said that defendant was drunk and would get picked up by the police. Defendant said that he didn't care since he wanted to see the police anyway. Smith left and the next thing defendant was aware of was that the ambulance had arrived.

Defendant's testimony as to the booking scene was somewhat different than that of Officer Jones. Defendant testified that at the station he was asked to remove all his possessions. Defendant said that he was nervous, but was able to remove all his possessions. When he pulled the marijuana out of his jacket pocket, the officer said, ''Oh, look what we have here.'' Defendant replied to the officer, ''Oh, I found it on the street.'' The officer said, ''Well, I don't know how to handle this now.'' The booking officer said, ''Just forget about the drunk charge and charge him with possession.'' At this time the defendant made the reply: ''You were going to book me for drunk, and now you are going to book me for possession.''

Defendant raises several alleged errors committed by the prosecuting attorney during his closing remarks to the jury. Defendant contends that these remarks, which were objected to at the trial, were prejudicial and require a reversal and a new trial.

The first objection is to two passages where the prosecutor stated that he did not believe the defendant's testimony on the stand. The first remark was: ''Also, the evidence, there is a conflict as to where the marijuana was found. The officer testified that it was found in his back pocket underneath his wallet. I don't believe I was satisfied with the explanation that it was in his coat—that it wasn't found in his coat.'' At this point, after objection, the prosecutor was cautioned against expressing his personal beliefs concerning the evidence. Later, during his rebuttal summary, the prosecutor, after pointing up three inconsistencies in the testimony, said: ''So these are not minor inconsistencies. These are major. These are material, because the items were found last night. Then, of course, he was carrying them around for who knows

how many hours, overnight at least. And his story that he was going to take them to the police is a complete fabrication, and is not to be believed.''

Defendant contends that the remark that defendant was not telling the truth was so prejudicial that neither retraction nor the court instruction could destroy its influence. These remarks were not that prejudicial. Far stronger remarks are still considered to be within the bounds of proper argument. When such a remark as is complained of here is predicated upon the testimony and follows an analysis of the testimony, it is not prejudicial. (*People* v. *Ellis* (1966) 65 Cal.2d 529, 540 [55 Cal.Rptr. 385, 421 P.2d 393].)

■ Defendant next complains that the prosecutor committed prejudicial error in commenting upon the law, and specifically that defendant stated his version of the law and not the correct version of the law.

Three passages from the prosecutor's closing remarks are cited where he remarked that the law required mere possession of marijuana as one of the elements of the crime for which defendant is charged. Defendant asserts that the possession required by section 11530 is ''willful, unlawful, and felonious'' possession. The section itself merely states that: ''Every person . . . who possesses any marijuana'' shall be punished. No explanation of the type of possession is stated, or that any specific intent is required at all.

Since it is clear that defendant had knowledge of the presence of the marijuana and its narcotic nature, only the requirement that he exercise dominion and control over it need be shown to complete the showing of ''possession.'' (*People* v. *Groom* (1964) 60 Cal.2d 694, 697 [36 Cal.Rptr. 327, 388 P.2d 359]; *People* v. *Redrick* (1961) 55 Cal.2d 282, 285 [10 Cal.Rptr. 823, 359 P.2d 255].) The cases are clear that only dominion and control and knowledge of the narcotic character are necessary, specific intent to violate the law not being an element of the crime of possession of marijuana under section 11530. (*People* v. *Winston* (1956) 46 Cal.2d 151, 158 [293 P.2d 40].) Thus it was not error for the prosecutor to remark that defendant's reasons for possession were irrelevant and that the fact that he possessed it intending to possess it was enough under the code section.

■ The remark made by the prosecutor regarding defendant's knowledge of marijuana is also attacked. The prosecutor stated: ''So the point I would like to make regarding that [defendant's being able to identify the cigarettes to Smith]

is, we have no explanation as to how or why Mr. Williams, who has made himself out to be a law-abiding citizen, knew what marijuana was in the first place. I don't know if any of you have seen marijuana or would know what it was without somebody telling you." The prosecuting attorney has a wide range in which to state his views as to what the evidence shows and as to conclusions to be drawn therefrom. (*People* v. *Lopez* (1963) 60 Cal.2d 223, 252 [32 Cal.Rptr. 424, 384 P.2d 16]; *People* v. *Burwell* (1955) 44 Cal.2d 16, 40 [279 P.2d 744].) The remarks above are clearly within these limits.

The defendant finally states that error was committed by the prosecutor's misstatement of the facts in one instance. The misstatement was not over a major fact. In effect, the prosecutor said that it was Williams who found the marijuana and Smith who identified it as being marijuana, after which defendant said he would take it to the police. After a small discussion with the court, the prosecutor set the record straight, that Smith found the marijuana and Williams identified it.

It is hard to say who would really be benefited by this misstatement. But certainly, since the correction being made promptly as it was, no error is shown.

The evidence in this case substantially supports the verdict. That it took the jury 23 minutes to reach its verdict is not an indication of any sort that the alleged errors of the prosecutor, alone or cumulative, had the effect of denying defendant his right to a fair trial, as defendant would wish us to believe.

The judgment is affirmed.

Kaus, P. J., and Hufstedler, J., concurred.