[No. F002809. Fifth Dist. Oct. 11, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
ROY GONZALEZ PATINO, Defendant and Appellant.

**COUNSEL**

Richard Keith Corbin, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert D. Marshall and Eileen Ceranowski, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MARTIN, J.**—Defendant was charged with possession of phencyclidine (PCP) for sale (Health & Saf. Code, § 11378.5) and being an ex-felon in possession of a concealable firearm (Pen. Code, § 12021). The information further alleged defendant had suffered two prior felony convictions within the meaning of Penal Code section 667.5, subdivision (b). Defendant admitted the truth of the prior convictions before trial. However, the trial court permitted the district attorney, over defendant's objection, to intro-

duce evidence of both of defendant's prior convictions with respect to the Penal Code section 12021 charge.

The jury found defendant guilty of possession of a controlled substance (Health & Saf. Code, § 11377), a lesser included offense of Health and Safety Code section 11378.5. The jury was unable to reach a unanimous verdict on the Penal Code section 12021 charge. After the trial court sentenced defendant to a total of five years on the Health and Safety Code section 11377 count and the two prior convictions, the district attorney dismissed the Penal Code section 12021 charge.

Defendant appeals. He contends the trial court erred in allowing proof of more than one prior felony conviction on the Penal Code section 12021 charge. We agree but find the error was harmless in this case.

### STATEMENT OF FACTS

On March 11, 1983, Bakersfield Police Department narcotics officers executed a search warrant at 1212 Height Street in Bakersfield. The warrant was in the name of the two brothers, Roy and Phillip Patino. At the time of the search the home was occupied by Martha Patino, Hector Patino, an unidentified young woman, and her small child. The police officers found containers of PCP and PCP residue in the kitchen of the house. The officers also found a briefcase on top of a kitchen cupboard. The briefcase contained papers addressed to defendant's brother, a "pay and owe sheet" (drug transaction booklet), and a wallet containing $300 in cash. They also found a plastic baggie containing peppermint leaves, two books of "Zig Zag" papers, a bottle of "roaches" (marijuana cigarettes) and a one-ounce, twenty-eight gram scale.

In the southwest bedroom, officers found a bottle of PCP in a sweater pocket and a bottle with PCP residue in a shirt pocket. On the bedroom dresser the officers found a Department of Corrections questionnaire addressed to defendant at 1212 Height Street. The questionnaire was underneath other papers on the dresser. They also found a .32-caliber Harrington and Richardson revolver on a ledge above a bedroom door. Defendant arrived at the scene during the course of the search and was arrested for possession of PCP for sale and for being an ex-felon in possession of a concealable firearm.[1]

---

[1] The officers also arrested Hector and Martha Patino but they were not prosecuted. Phillip Patino was not present at the scene at any time. An arrest warrant was issued for Phillip Patino but he had not been located as of the time of trial.

*Defense:*

Defendant did not testify on his own behalf but relied on the state of the evidence. Defense counsel argued the evidence concerning Phillip Patino raised a reasonable doubt as to defendant's guilt.

## DISCUSSION

█ Defendant contends the trial court erroneously allowed proof of more than one prior felony conviction on the Penal Code section 12021[2] charge.

The amended information alleged defendant was convicted of felony assault with a deadly weapon on April 27, 1981, and on October 19, 1976, within the meaning of Penal Code section 667.5, subdivision (b). Before voir dire of the jury, defendant's counsel offered to stipulate to the convictions to preclude the jury from considering them.

The trial judge concluded that Proposition 8, adopted in California on June 8, 1982, clearly permits the jury to hear evidence of any prior conviction which is an element of a crime charged (in the information) and such evidence cannot be excluded from the jury by stipulation or admission. The trial court then allowed the district attorney to prove both the 1976 and the 1981 convictions of assault with a deadly weapon.

Prior to the adoption of Proposition 8, if a defendant offered to admit the existence of an element of a charged offense, the prosecutor was required to accept that offer and refrain from introducing evidence of other crimes to prove that element to the jury. In a prosecution for Penal Code section 12021, the element of a prior felony conviction could not be given to the jury if the accused stipulated to it. That rule applied unless the state clearly demonstrated its application would legitimately impair the prosecution's case or presentation of alternate theories of guilt. The rule was designed to avoid any prejudice which might result from informing the jury that defendant had been convicted of a felony. (*People* v. *Hall* (1980) 28 Cal.3d 143, 152-157 [167 Cal.Rptr. 844, 616 P.2d 826]; *People* v. *Sherren* (1979) 89 Cal.App.3d 752, 755-756 [152 Cal.Rptr. 828].) The trial judge concluded this rule changed with the advent of Proposition 8, and that the jury

---

[2]At the time of trial, Penal Code section 12021 provided in relevant part: "(a) Any person who has been convicted of a felony under the laws of the United States, of the State of California, or any other state, government, or country, or of an offense enumerated in Section 12001.6, or who is addicted to the use of any narcotic drug, who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punishable by imprisonment in the state prison, or in a county jail not exceeding one year or by a fine not exceeding five hundred dollars ($500), or by both."

could now be informed of the fact of the prior felony conviction. The defendant does not dispute this proposition on appeal. Rather, he questions whether the prosecutor may prove multiple prior convictions or only one.

The California courts have addressed the use of multiple convictions to prove a Penal Code section 12021 charge in several cases. In *People v. Morrison* (1977) 67 Cal.App.3d 425, 427 [136 Cal.Rptr. 650], disapproved in part in *People v. Hall, supra,* 28 Cal.3d 143, 156, footnote 8, defendant was charged with violating Penal Code section 12021. He admitted five prior felony convictions alleged in the information for penalty enhancement. In response to a defense motion under *People v. Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1], the court ruled only a prior forgery conviction would be admitted for impeachment. However, the court permitted the prosecutor to prove the five prior felonies in open court to establish the firearm charge. The First District Court of Appeal held this unfairly deprived defendant of the protection the court had accorded him under *People v. Beagle, supra,* stating: ". . . Both where prior felonies are offered for the purpose of impeachment and where the existence of a prior is an element of the crime charged, it is the responsibility of the trial court to exercise its discretion to 'exclude evidence if its probative value is substantially outweighed by the probability that its admission will . . . create substantial danger of undue prejudice, . . .' (Evid. Code, § 352.) By analogy to the procedure directed by the Supreme Court in *People v. Beagle, supra,* the trial court should have controlled the situation so as to give the prosecutor adequate scope to establish beyond question that there had been a prior conviction and, at the same time, to prevent unnecessary prejudice to the defense by proving more than one of the priors." (*Morrison, supra,* 67 Cal.App.3d at p. 428.) However, the Court of Appeal did not reverse the judgment. Given the state of the evidence, it was not reasonably probable defendant would have obtained a more favorable result had only one prior been admitted.

In *People v. Zimmerman* (1980) 102 Cal.App.3d 647 [161 Cal.Rptr. 669, 14 A.L.R.4th 214], defendant was convicted of robbery and possession of a concealable firearm by an ex-felon. Defendant's counsel failed to object to the prosecution's use of a highly prejudicial robbery prior to prove the firearm charge. The court admitted a second felony (petty theft with a prior) for purposes of impeachment. The First District Court of Appeal reversed for *Pope* error. (*People v. Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) Counsel also erred by failing to compel the prosecution to use this prior both to impeach and to establish defendant's ex-felon status as an element of the firearm charge.

In *People v. Duran* (1983) 140 Cal.App.3d 485, 499 [189 Cal.Rptr. 595], certiorari denied (1983) — U.S. — [78 L.Ed.2d 679, 104 S.Ct. 481, de-

fendant appealed a second degree murder conviction. He contended the trial court abused its discretion by allowing proof of multiple felony convictions for *impeachment*. The First District disagreed, stating: ". . . *Morrison* and *Zimmerman* are to be distinguished; each of those cases involved a charge of possession of a concealable firearm by a felon (Pen. Code, § 12021) where a prior felony conviction is an element of the crime. Proof of any single prior felony is adequate, and proof of more than one is unnecessary and prejudicial. But where the issue is credibility the presence of multiple prior felonies may be more probative than prejudicial; conviction of a single felony does not represent an adjudication of a permanent status of lack of credibility as a witness whereas conviction of several may tend to establish a character trait affecting credibility. An exercise of discretion by the trial court was called for." (*Id.*, at p. 499.)

Thus, pre-Proposition 8 law clearly precluded the use of more than one prior felony conviction to prove an element of the crime. Has Proposition 8 changed this rule?

Proposition 8 provides in relevant part: "Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding. When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." (Cal. Const., art. I, § 28, subd. (f).)

In the instant case, the trial court construed California Constitution, article I, section 28, subdivision (f) as follows:

"MR. AZEVEDO [deputy public defender]: The last thing I believe is how many of the—well, is the district attorney allowed to comment or introduce evidence of two prior convictions or just one?

"THE COURT: Well, in reading section 28-f and contemplating it over night, it is my opinion that they intended to allow whatever convictions the defendant had that the district attorney wished to bring forth as evidence. I suppose it was like all other evidence, it might be accumulative, but my position at the moment, although that issue is on appeal as to whether the court has discretion to exclude, my position at the moment is that it does not apply to f. It applies to e, the truth in evidence section.

"However, when the matter is decided on appeal, the appellate court may decide differently. But that's my feeling at the moment. So I am going to

allow the district attorney to bring in whatever evidence is material to support the element of the offense in count two of being an ex-felon whether it be one felony conviction or two."

Defendant contends Proposition 8 does not require a prosecutor to prove every prior conviction in a Penal Code section 12021 case. Defendant contends such a construction would create undue prejudice and would amount to "overkill." The People contend there should be no restriction on the number of convictions used in proving a defendant's ex-felon status. They argue: ". . . The voters approved the concept that prior convictions could be used without limitation for purposes of impeachment and rejected the concept of undue prejudice thereby rejecting *Beagle* and its progeny. Likewise, the rejection of *People* v. *Hall* involves the concept that prior convictions should be proved without limitation.

"The dictum in *People* v. *Duran* (1983) 140 Cal.App.3d 485, 499 relied upon by appellant was written in the pre-Proposition 8 era and, therefore, provides no guidance whatsoever in the instant matter. The *Duran* court assessed prejudice under Evidence Code section 352 and did not discuss the impact of Proposition 8. The constitutional amendment would supercede [*sic*] any Evidence Code sections relating to relevant evidence (13 Cal.Jur.3d, Const. Law 227, pp. 63-64.)"

The People confuse the use of prior convictions for impeachment with the use of prior convictions to prove an element of the firearm charge. First, California Constitution, article I, section 28, subdivision (f) does not provide for unlimited use of prior convictions to prove an element of an offense. The phrase "without limitation" refers only to impeachment of credibility and sentence enhancement in a criminal proceeding.

Second, the People have not shown the framers of Proposition 8 intended the unlimited use of prior convictions to prove a Penal Code section 12021 charge. A review of the relevant literature discussing the proposition does not reveal any such intent. (See, e.g., Ballot Pamp., Proposed Amends. to Cal. Const. with arguments to voters, Primary Elec. (June 8, 1982) pp. 32-35; Attorney General's Guide to Proposition 8 (Kempsky ed. 1982) pp. 7-1-7-5; Assembly Com. on Criminal Justice, Analysis of Proposition 8 the Criminal Justice Initiative (Mar. 24, 1982) pp. 28-33.)

Third, under well-established evidentiary principles, it is questionable whether additional prior convictions are admissible to establish a Penal Code section 12021 charge. No evidence is admissible except relevant evidence. (Evid. Code, § 350.) As the *Duran* court noted, proof of a single

prior felony is adequate to meet the prior conviction element of a Penal Code section 12021 charge. Additional priors would have no tendency in reason to prove or disprove any *disputed* fact of consequence to the action. (1 Jefferson, Cal. Evidence Benchbook (2d ed. 1982) § 21.2, pp. 497-499.) The "truth in evidence" provision of Proposition 8 (Cal. Const., art. I, § 28, subd. (d)) does not mandate admission of multiple prior felony convictions. The provision applies only to "relevant evidence" in criminal proceedings.

Fourth, even assuming arguendo additional prior convictions are relevant, their admission would be contrary to Evidence Code section 352 and Penal Code section 1044.[3] Admission of multiple priors to establish a Penal Code section 12021 charge would be an unnecessary, time-consuming process. Any probative value of the additional prior convictions would be outweighed by a substantial danger of undue prejudice.

We therefore conclude that the trial court erred in allowing proof of the prior felony conviction element of Penal Code section 12021 by evidence of defendant's multiple prior felony convictions. Proposition 8 does not provide for the unlimited use of prior felony convictions to prove an element of the crime and, as defendant argues, such a construction would create undue prejudice and amount to "overkill."

The People contend the error was harmless. They submit it is not reasonably probable a result more favorable to defendant would have occurred absent the error. (Cal. Const., art. VI, § 13; *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].) Initially we note the jury did not find defendant guilty on the firearm charge. However, he contends he was prejudiced on count one by the introduction of the two prior felony convictions. He argues the jury did not find him guilty of possession for sale but convicted him of possession only, a lesser included offense. (Health & Saf. Code, § 11377.) He submits the jury may have felt hard pressed to find him guilty of something, based upon his prior record, notwithstanding the purely circumstantial evidence of possession of narcotics. This, of course, is pure speculation.

The People also note defendant was not found guilty on the firearm charge and submit the introduction of the two prior convictions did not prejudice

---

[3]Evidence Code section 352 provides: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

Penal Code section 1044 provides: "It shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved."

him under that count. They contend any possible prejudice under count one was mitigated by the fact that both priors were for assault with a deadly weapon and were not indicative of prior narcotics activities. Parole Agent Mike Willis testified before the jury that defendant was on parole and defendant did not object to this testimony. Even absent evidence of the additional prior, the jury was aware defendant had not led a blameless life. The deputy district attorney proved defendant's prior convictions by introducing a certified copy of an abstract of judgment for each prior conviction. The district attorney did not comment on the convictions at the time the certified copies were marked for identification or at the time they were received in evidence. Furthermore, the district attorney did not dwell on defendant's status as an ex-felon in her closing argument. In each instance she mentioned the convictions as an element of the charge without any undue emphasis.

Defendant's argument that the introduction of the additional prior felony conviction resulted in the guilty verdict because the case was close and based on purely circumstantial evidence is without merit. ■ Circumstantial evidence may be sufficient to sustain a conviction so long as it is "sufficient to connect a defendant with the crime and to prove his guilt beyond a reasonable doubt." (*People* v. *Pierce* (1979) 24 Cal.3d 199, 210 [155 Cal.Rptr. 657, 595 P.2d 91].) The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact, and not whether the evidence shows to the reviewing court that guilt was established beyond a reasonable doubt. A reviewing court must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict. If the circumstances reasonably justify the jury's verdict, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury. (*People* v. *Newland* (1940) 15 Cal.2d 678, 681 [104 P.2d 778].)

■ In the instant case, the jury could have reasonably deduced facts sufficient to support a finding of defendant's possession (or joint possession) of a controlled substance. In the southwest bedroom detectives found a two-ounce bottle containing liquid inside a sweater draped over a chair, another bottle in the pocket of a shirt hanging on a nail at the entrance to the bedroom, and a Department of Corrections questionaire addressed to defendant at that address on a dresser among other papers. The two bottles contained PCP and PCP residue respectively. Detective Newport testified the sweater would fit defendant. In all, detectives found five different containers in the house that contained either PCP or PCP residue, marijuana, paraphernalia, the gun, the questionnaire, and the "pay-and-owe" sheet.

■ Exclusive possession or control is not necessary for conviction of narcotics possession. (*People* v. *Rice* (1976) 59 Cal.App.3d 998, 1003 [131 Cal.Rptr. 330].) The elements of possession of narcotics are physical or constructive possession thereof coupled with knowledge of the presence and narcotic character of the drug. (*People* v. *White* (1969) 71 Cal.2d 80, 82 [75 Cal.Rptr. 208, 450 P.2d 600].) Possession may be imputed when the contraband is found in a place immediately and exclusively accessible to the accused and subject to his dominion and control or to the joint dominion and control of the accused and another. (*People* v. *Williams* (1971) 5 Cal.3d 211, 215 [95 Cal.Rptr. 530, 485 P.2d 1146].)

■ Appellant did not refute any inferences that may properly be drawn from the aforesaid evidence. We conclude there was sufficient evidence to support the verdict.

While the trial court erred in permitting the prosecutor to present evidence of the second prior felony conviction, that error was not prejudicial since it was not reasonably probable a result more favorable to defendant would have been obtained absent the error.

The judgment is affirmed.

Andreen, Acting P. J., and Ardaiz, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.