[Crim. No. 14992. Third Dist. Dec. 31, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD GABRIEL, Defendant and Appellant.

Martin James Elmer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Shirley A. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**EVANS, Acting P. J.**—Following the denial of his motions to suppress evidence and to dismiss (Pen. Code, §§ 995, 1538.5), defendant pled guilty to possession for sale of a controlled substance (Health & Saf. Code, § 11378). Granted probation, defendant appeals contending that evidence obtained from him should have been suppressed as the fruit of an unlawful detention.

FACTS

Acting pursuant to a valid search warrant, police officers entered the apartment of Patricia Golden to search for narcotics. After serving the warrant on Golden, Officer White began a search of the house. He encountered a total of four people other than Golden. Two of them, defendant and another person, were found in the master bedroom. White conducted a cursory "patdown" search of defendant for weapons and instructed him to wait with the others in the kitchen. None of the people in the apartment were free to leave.

Within five to seven minutes after the search began, the officers discovered a clear plastic bindle containing methamphetamine on the headboard of the bed in the master bedroom. Officer White later testified he believed defendant was connected to the methamphetamine. The officers also found a number of additional containers of narcotics and a variety of paraphernalia in the bedroom.

After the ensuing hour-and-a-half to two-hour search, the officers returned to the detainees in the kitchen. White interviewed each of the five people separately. Before questioning defendant, White read him his *Miranda*[1] rights. When defendant admitted he resided in the master bedroom, White placed him under arrest and searched him. White removed a film cannister containing marijuana, a pipe, and a notebook from defendant. He also arrested Patricia Golden, but allowed the others to leave after they denied residing in the apartment.

Defendant moved to suppress the objects taken from him and his statement that he resided in the master bedroom. However, the magistrate found the police had probable cause to arrest defendant when Officer White found the narcotics in the master bedroom and denied defendant's motion.

---

[1] *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602].

Discussion

Defendant contends his detention was excessively long and that the police lacked probable cause to arrest him. Because we conclude that neither argument has merit, it is unnecessary to reach defendant's final argument that his receipt of *Miranda* warnings did not attenuate the taint of his unlawful detention. We affirm the judgment.

A

*The Detention Was Not Excessive*

The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures. █ However, a search warrant carries with it limited authority to detain occupants of a residence while a proper search is conducted. (*Michigan v. Summers* (1981) 452 U.S. 692, 704-705 [69 L.Ed.2d 340, 350-351, 101 S.Ct. 2587].) In *Michigan v. Summers*, the court explained that because a magistrate has already determined that probable cause exists to justify a search, the additional intrusion of requiring the occupants to remain during the search is constitutionally reasonable. (*Id.,* at pp. 701, 704-705 [69 L.Ed.2d at pp. 348-349, 350-351].) Three purposes are served by this rule: (1) flight is prevented in the event that contraband is discovered, (2) the risk of harm to the officers is reduced, and (3) the orderly completion of the search is facilitated. (*Id.,* at pp. 702-703 [69 L.Ed.2d at pp. 349-350].)

█ Defendant does not dispute that the officers acted properly in initially detaining him while they executed the search warrant. However, he contends the detention was excessive because the police continued his detention after they finished their search in order to interrogate him.[2] We disagree. We believe the limited questioning of defendant, preceded by *Miranda* warnings, was constitutionally permissible. This practice was approved by the Supreme Court in *Michigan v. Summers, supra,* 452 U.S. 692 [69 L.Ed.2d 340]. Moreover, the officer's action in this case was justified because, as explained below, he had probable cause to arrest defendant at the time of the questioning.

Although it is not clear from defendant's brief, he appears to contend in

---

[2]To support this argument, defendant analogizes to cases involving traffic and "*Terry*" stops, i.e., brief, warrantless, investigative stops based on reasonable suspicion. (*Terry* v. *Ohio* (1968) 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868].) These authorities are inapposite, however, because they do not involve detentions that are premised on a magistrate having made an objective evaluation that probable cause exists to search the residence in which the defendants have been found and detained. (See *Michigan v. Summers, supra,* 452 U.S. at p. 701 [69 L.Ed.2d at pp. 348-349].)

addition that the detention violated his Fourth Amendment rights simply because of its one-and-a-half to two-hour length. Assuming for the moment there was no probable cause to arrest defendant during that period, defendant cites no authority for the assertion that the Constitution prohibits a one-and-a-half to two-hour detention during the execution of a valid search warrant. The question of how long such a detention is proper was raised but left unanswered in *Michigan* v. *Summers, supra,* 452 U.S. at page 705, footnote 21 [69 L.Ed.2d at page 351]. However, two federal court decisions have upheld "*Michigan* v. *Summers*" detentions of the approximate time period involved here. (*United States* v. *Timpani* (1st Cir. 1981) 665 F.2d 1, 3 [45-minute detention during execution of search warrant]; *United States* v. *Stevens* (N.D.Ill. 1982) 543 F.Supp. 929, 943 [1 hour and 15 minute detention].)

More important than the length of the detention involved in a valid warrant search is the officers' conduct during such a search. Here, the record is devoid of any evidence that the officers engaged in any misconduct or in any way delayed the search. Under all of the circumstances, the detention was not unconstitutionally excessive.

## B

### *The Police Had Probable Cause to Arrest Defendant*

The trial court implicitly adopted the magistrate's finding that Officer White had probable cause to arrest defendant when White found the methamphetamine. ■ We review the record only to determine if substantial evidence supports the conclusion that White subjectively believed defendant had committed a crime. We must then exercise our independent judgment to decide whether the officer's subjective belief was objectively reasonable under the Constitution. If so, there was probable cause to arrest defendant. (*People* v. *Leyba* (1981) 29 Cal.3d 591, 596-598 [174 Cal.Rptr. 867, 629 P.2d 961]; *People* v. *Lawler* (1973) 9 Cal.3d 156, 160 [107 Cal.Rptr. 13, 507 P.2d 621].)

■ Defendant argues that Officer White did not subjectively believe defendant was in possession of the methamphetamine because he delayed defendant's arrest for two hours, when defendant admitted he lived in the bedroom, and because White failed to arrest the other person found in the master bedroom. However, the evidence is undisputed that White found defendant and another person in the master bedroom and that, within five to seven minutes, he found a clear, plastic bindle of methamphetamine lying in plain view on the headboard of the bed in the master bedroom. White testified he believed defendant was connected to the methamphetamine as

soon as he found the narcotic on the headboard. The record contains substantial evidence that White subjectively believed defendant had committed a crime as soon as White found the methamphetamine.

We also conclude that White's subjective belief was objectively reasonable. ■ "The rule is well established that access to or possession of contraband provides adequate grounds to arrest . . . ." (*In re James M.* (1977) 72 Cal.App.3d 133, 137 [139 Cal.Rptr. 902] [probable cause existed to arrest passenger when martial arts weapon found beneath driver's seat].) "Possession may be imputed when the contraband is found in a place immediately and exclusively accessible to the accused and subject to his dominion and control or to the joint dominion and control of the accused and another." (*People* v. *Patino* (1984) 160 Cal.App.3d 986, 996 [206 Cal.Rptr. 762].)[3] ■ Defendant's access to the methamphetamine on the bed's headboard provided probable cause to effect his arrest.

The subsequent detention of defendant was not merely incident to the execution of the search warrant but was pursuant to probable cause. Therefore, the detention, questioning and search of defendant's person incident to his arrest did not violate his rights under the Fourth Amendment.

The judgment is affirmed.

Carr, J., and Sims, J., concurred.

---

[3]Defendant misplaces his reliance on *Pierson* v. *Superior Court* (1970) 8 Cal.App.3d 510 [87 Cal.Rptr. 433]. There, it was held that the mere presence of a person on premises where officers believe narcotics are located does not justify the arrest or search of that person. (*Id.,* at p. 521.) Here, the officers did not merely believe that narcotics were located on the premises. They found narcotics on the premises. Once they found the narcotics, they had probable cause to arrest all persons who had access to the narcotics.