[No. F023913. Fifth Dist. Aug. 12, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
SHERMAN DENNIS WADE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part 2 of the DISCUSSION.

COUNSEL

Matthew D. Roberts, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Stan Cross and Janet E. Neeley, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THAXTER, J.**—We will hold here that a defendant charged with possession of a firearm after the conviction of prior specified misdemeanors (Pen. Code,[1] § 12021, subd. (c)(1)) (section 12021(c)(1)) may admit he has suffered one or more prior convictions within the meaning of that section and thereby withhold the nature, but not the fact, of the convictions from the jury. In this case, however, the court's refusal to accept such an offered stipulation was harmless error.

### FACTS

On January 22, 1995, Bakersfield Police Officer Brian Silvius investigated a disturbance at the apartment complex at 1010 Beale. Corrina Villareal, the girlfriend of appellant Sherman Dennis Wade, lived in apartment No. 9;

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

Lashawn Collins lived next door in apartment No. 10. Collins told Officer Silvius that appellant was upset because someone had slashed the tires of his truck. Appellant yelled at her friends, Joanna Wimpee and Tiffany G., and pulled a dark blue pistol with a black handle from his waistband. Appellant said he was going to kill Wimpee. Collins told appellant to stop and to put the gun away. Appellant chased her and threatened to kill her but she escaped into her apartment. Appellant then hit Wimpee on the head. At that point, appellant's girlfriend took the gun from him and went into her apartment.

Tiffany G., who was 16 years old, told Officer Silvius appellant struck Wimpee on the head with a pistol. After that, Villareal took the pistol back to her apartment. Wimpee was reluctant to speak with Silvius because she was afraid of appellant. Eventually, she told him appellant accused her of slashing his tires and hit her on the head with something very hard. She had a small cut above her left ear.

Officer Silvius contacted Villareal in her apartment and told her he was looking for a pistol. Villareal permitted Silvius to search the apartment and he found a loaded .38-caliber revolver under a mattress. The revolver was dark blue with a brown handle. Silvius arrested appellant and took him to the Bakersfield Police Department. En route, appellant asked, "it ain't against the law to have a loaded gun in your house is it" and "why are you taking my gun."

At trial, Wimpee testified there was a disturbance at the apartment complex. A lot of people were there. Someone hit her on the head. She did not know appellant, did not see him at the apartment complex that day, and did not tell Officer Silvius appellant had hit her. Collins testified she had never seen appellant before. Appellant was not at the apartment complex, she did not see him strike Wimpee, and she did not tell Officer Silvius the things he said she did. Tiffany G. testified she did not see who hit Wimpee, appellant was not there, and she did not speak to the police that day.

Appellant offered no defense evidence.

Appellant was charged with four offenses: (1) assault with a firearm (§ 245, subd. (a)(2)), (2) making terrorist threats (§ 422), (3) possession of a firearm with a prior misdemeanor conviction specified in section 12021(c)(1), and (4) carrying a loaded firearm in a public place (§ 12031, subd. (a)). Counts 1 and 2 also alleged personal use of a firearm within the meaning of section 12022.5, subdivision (a). The jury found appellant guilty of count 3 but deadlocked on counts 1, 2 and 4. The court declared a mistrial

as to those counts and, on motion of the prosecution, dismissed them in the interests of justice. The court sentenced appellant to the two-year (middle) prison term.

## DISCUSSION

1. *The Court Erred in Denying Appellant's Request to Admit the Prior Misdemeanor Convictions and Thereby Withhold the Nature of the Conviction From the Jury, but the Error Was Harmless.*

Before trial, appellant offered to stipulate he had a prior misdemeanor conviction listed in section 12021(c)(1) as an alternative to informing the jury he had prior convictions for misdemeanor assault and battery (§§ 241, 243). He felt the nature of the prior convictions was "highly prejudicial" given the current charges. The court refused the stipulation, noting that, unlike section 12021, subdivision (a) (ex-felon in possession of firearm) which applies when the defendant has *any* prior felony conviction, section 12021(c)(1) applies only when the defendant has been convicted of one of the *specified* misdemeanors which generally encompass assaultive or resistive conduct. Thus, the particular prior misdemeanor conviction was an element of the offense charged and should be presented to the jury. At trial, the court admitted certified copies of appellant's misdemeanor convictions into evidence, over defense objection, and instructed the jury as follows: "The defendant is accused in Count 3 of having violated 12021(c)(1) of the Penal Code, a crime. In order to prove such crime, each of the following elements must be proved: A person has been previously convicted of the crime of assault pursuant to Penal Code Section 241 or battery, Penal Code Section 243 within 10 years of the commission of the crime charged. . . ."

Appellant contends, first, the court erred by failing to permit him to stipulate to the prior misdemeanors and thus to withhold the *fact* of his prior convictions from the jury. Appellant did not propose such a stipulation to the trial court; however, we will address the claim because it raises a novel issue of law and the People have addressed it on the merits. (See, e.g., *People v. Mattson* (1990) 50 Cal.3d 826, 854 [268 Cal.Rptr. 802, 789 P.2d 983]; 6 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Appeal, § 3203, p. 3960.) In the alternative, appellant contends the court should have permitted him to admit the existence of a prior misdemeanor listed in section 12021(c)(1) and thereby withhold the nature of his prior convictions from the jury. The contentions will be considered in turn.

(a) *Stipulation Precluding Disclosure of Fact of Prior Misdemeanor Conviction to the Jury*

In *People v. Hall* (1980) 28 Cal.3d 143 [167 Cal.Rptr. 844, 616 P.2d 826], the Supreme Court held that when a prior conviction is pertinent

only to ex-felon status as an element of a currently charged offense, the jury may not learn either the fact or the nature of the prior conviction if defendant offers to stipulate he is an ex-felon. Proposition 8, which added article I, section 28 to the California Constitution, abrogated that rule. The second sentence of article I of the California Constitution, section 28, subdivision (f) (section 28(f)) provides: "When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." The proof in open court provision overruled *Hall* to the extent *Hall* precluded disclosure of stipulated ex-felon status to a jury where that is an element of the current charge. (*People* v. *Valentine* (1986) 42 Cal.3d 170, 173 [228 Cal.Rptr. 25, 720 P.2d 913].)

Appellant contends section 28(f) abrogated the *Hall* holding only as to ex-felon status; *Hall* is still good law when the charge is firearm possession after a misdemeanor. Thus, he submits, under *Hall* and the plain language of section 28(f), a prior misdemeanor conviction which is an element of the section 12021(c)(1) felony offense need not be proven in open court, so long as the defendant stipulates to the conviction.

### Section 28(F)

Section 28(f)'s proof in open court mandate does not apply to prior misdemeanor convictions. As set forth above, the second sentence of section 28(f) provides: "When a prior *felony* conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." (Italics added.) That portion of subdivision (f) is, by its own terms, limited to a prior felony conviction. Had the drafters of the provision intended otherwise, they could have crafted the disputed portion differently, e.g., " 'When a prior conviction is an element. . . .' " (*People* v. *Ancira* (1985) 164 Cal.App.3d 378, 381 [210 Cal.Rptr. 527], disapproved on other grounds in *People* v. *Darwin* (1993) 12 Cal.App.4th 1101, 1104 [15 Cal.Rptr.2d 894].) Further, the language was a response to *People* v. *Hall, supra,* which addressed ex-felon status as an element of a currently charged offense. However, section 28(f)'s limitation to felony priors probably stems from chronological happenstance. Nonfelony priors were added to section 12021 in April 1982 (see Stats. 1982, ch. 136, § 6, p. 445) after Proposition 8 had already been circulated for signatures. (*People* v. *Valentine, supra,* 42 Cal.3d at p. 181, fn. 5.) Nonetheless, section 28(f) states "prior felony conviction" and we know of no rule of statutory interpretation which would support the construction of that term to include a prior misdemeanor conviction. Thus, section 28(f) did not bar appellant's stipulation to his prior misdemeanor conviction.

## Case Law—Stipulation Precluding Fact of Prior Conviction

Appellant next contends what remains of the *Hall* holding required the court to accept his stipulation and thereby keep the fact of his prior misdemeanor convictions from the jury. He reasons: *Hall* held that the willingness of a defendant to admit a prior felony conviction in the context of a section 12021 trial is logically indistinguishable from cases permitting a defendant to admit a prior petty theft while on trial for felony petty theft with a prior (§ 666). Even though the fact of the prior conviction is an element of the current section 12021 offense, it is not relevant for purposes of affirmative proof if it is not genuinely disputed, as where the accused stipulates to it. (*People* v. *Hall*, *supra*, 28 Cal.3d at pp. 155-156.) Thus, jurors may be told only that defendant has stipulated to an unspecified element of the felony firearm charge. (*Id.* at p. 153.)

Appellant's reliance on *Hall* is misplaced. Whatever remained of *Hall* after Proposition 8 has been further undermined by subsequent case law, particularly *People* v. *Bouzas* (1991) 53 Cal.3d 467 [279 Cal.Rptr. 847, 807 P.2d 1076]. *Bouzas* held that section 28(f) did not rescind established case law that a defendant charged under section 666 (petty theft with a prior theft-related conviction) may stipulate to a prior felony conviction allegation and thus preclude the jury from learning of that conviction. (53 Cal.3d at p. 469.) A long line of cases distinguished between the admissibility of a prior conviction when the prior is a sentencing factor as opposed to an element of the current charged offense. In cases where prior convictions were alleged which were wholly unrelated to the current crime charged, if the defendant admitted the prior felony conviction, the jury could not learn of it (except through impeachment if he testified). On the other hand, if the former conviction was an element of the charged offense, as in a prosecution under section 12021, the prior conviction, as well as the possession of the firearm, had to be proved and determined by the court or jury. The latter defendant could not, by admitting the felony conviction out of the presence of the jury, avoid proof of the fact as evidence for consideration of the jury. (*People* v. *Bouzas*, *supra*, at pp. 471-472.)

The *Bouzas* court concluded, unlike the ex-felon status requirement in a section 12021, subdivision (a) offense, the "prior theft conviction" provision of section 666 was a sentencing factor—not an element of the offense—to which a defendant was entitled to stipulate and thereby keep from the jury. (53 Cal.3d at p. 471.) In reaching that conclusion, the court noted that confusion regarding the "element of the offense" versus "sentencing factor" distinction resulted from the dictum appellant relies on in *Hall*. *Hall* stated that no valid distinction could be drawn between the felony petty theft

situation and the ex-felon in possession case. " 'In each instance, the prior is an *essential component* of the felony . . . .' (*Hall, supra,* 28 Cal.3d at pp. 155-156, italics added.)" (*People* v. *Bouzas, supra,* 53 Cal.3d at p. 476.) *Bouzas* specifically rejected *Hall*'s suggestion that the prior conviction requirement of section 666 was an element of the offense to be determined by the jury and held that it was a sentencing matter for the trial court. (*People* v. *Bouzas, supra,* at p. 478.)

*Bouzas* also took issue with *Hall*'s assertion there was no logical basis to treat differently the fact of a "prior conviction" under section 666 and the fact of "ex-felon status" under section 12021. Numerous decisions recognized that when a prior conviction is an element of a substantive offense, failure to require a jury determination on that element may improperly impair the People's ability to prove and secure legitimate convictions of those offenses. (*People* v. *Robles* (1970) 2 Cal.3d 205, 213 [85 Cal.Rptr. 166, 466 P.2d 710] ["A prosecutor is not required to stipulate to the existence of any elements of the crime he is attempting to prove where the stipulation will impair the effectiveness of the prosecutor's case . . . ."].) The court noted, "For example, allowing a defendant who has been charged under section 12021 (ex-felon in possession of concealable firearm) to admit his ex-felon status and thereby keep that information from the jury would undoubtedly impair the prosecution's ability to secure a conviction. [Citation.] . . . '[A]sk[ing] "a jury to find someone guilty of possession of a handgun is considerably different [from] asking [it] to find a felon guilty of possession of a handgun." ' [Citation.]" (*People* v. *Bouzas, supra,* 53 Cal.3d at p. 479.)

While *Bouzas* specifically refers to "ex-felon" status, its rationale is equally applicable to prior misdemeanant status. Like a jury hearing a section 12021, subdivision (a) prosecution, it is quite possible that a jury which does not hear evidence of ex-misdemeanant status in a section 12021(c)(1) prosecution might rebel and exercise its power to acquit because it might not believe that possessing a concealable firearm should be criminal. (*People* v. *Bouzas, supra,* 53 Cal.3d at p. 479.)

Appellant notes that the *Bouzas* discussion of the proof of prior convictions in section 12021 cases is "mere dicta." ■ Dicta of our Supreme Court are highly persuasive. (*Evans* v. *City of Bakersfield* (1994) 22 Cal.App.4th 321, 328 [27 Cal.Rptr.2d 406].) ■ Accordingly, under *Bouzas,* the prior misdemeanor conviction is an element of the section 12021(c)(1) offense that must be determined by a jury. Thus, appellant had no right to stipulate to the prior conviction and thereby preclude the jury from learning of the *fact* he had suffered that conviction.

### (b) *Stipulation Precluding Disclosure of Nature of Prior Misdemeanor Conviction to the Jury*

Appellant contends the court's admission of the nature of his prior convictions despite his offer to stipulate to their existence was error under *People* v. *Valentine, supra,* 42 Cal.3d 170. In *Valentine,* the Supreme Court held that under section 28(f), the jury must be advised the defendant is an ex-felon when that is an element of the current charge. But, where the defendant stipulates to ex-felon status, evidence of the *nature* of his prior conviction should be withheld from the jury, since such evidence is irrelevant to the ex-felon issue in a section 12021, subdivision (a) prosecution. (42 Cal.3d at p. 173.) The court explained: under subdivision (a), *any* prior felony, regardless of its nature, satisfies the ex-felon element of the offense. Therefore, only the fact, not the nature, of any prior "conviction" is an "element" of the current charge. Further, information regarding the nature of the prior conviction is not relevant to prove anything the prosecution must show to establish a violation of section 12021. (*People* v. *Valentine, supra,* at p. 177.) Therefore, "[d]isclosure of the nature of the priors remains error in post-Proposition 8 trials." (42 Cal.3d at p. 182.)

Section 12021(c)(1) differs from section 12021, subdivision (a) in that only *specified* misdemeanors comprise an element of the offense under subdivision (c)(1), whereas *any* felony is an element of the subdivision (a) offense. Thus, the rationale of *Valentine* is not equally applicable in appellant's situation.

*People* v. *Hopkins* (1992) 10 Cal.App.4th 1699 [13 Cal.Rptr.2d 451] is instructive. Hopkins was charged with possession of a firearm by an ex-offender (§ 12021.1). Before trial, he stipulated he had previously been convicted of rape by force. The trial court ruled the jury would be told Hopkins had been convicted of a felony listed in section 12021.1, but would be given no information concerning the nature of that felony. The Sixth District Court of Appeal concluded this ruling was correct, but the trial court erred by permitting repeated references to Hopkins's prior conviction as a "violent offense." (10 Cal.App.4th at pp. 1701-1702.)

On appeal, the People argued that *Valentine* did not apply. Section 12021.1, subdivision (a), provides that "any person who has been previously convicted of any of the offenses listed in subdivision (b) and who owns or has in his or her possession . . . any firearm is guilty of a felony." Subdivision (b) provides: "As used in this section, a violent offense includes any of the following" and lists offenses and enhancements ranging from murder to rape to any felony in which the defendant personally used a

dangerous weapon. The People argued that both the fact of the prior conviction and its violent nature were relevant to the question of whether appellant violated section 12021.1 and thus references to the "violent" nature of the prior offense were not only permissible, but unavoidable. (*People* v. *Hopkins*, *supra*, 10 Cal.App.4th at p. 1703.)

The appellate court disagreed. Although the offenses listed in section 12021.1, subdivision (b) were considered violent, the statute did not require proof of the nature of the underlying conviction. The fact, and not the nature, of the prior offense established the previous conviction element of section 12021.1, subdivision (a). Therefore, if a defendant was prepared to stipulate to the fact of his conviction under subdivision (b), the nature of the conviction was irrelevant. (*People* v. *Hopkins*, *supra*, 10 Cal.App.4th at p. 1704.)

Analogously, the misdemeanor offenses listed under section 12021(c)(1) may be considered, as designated by the trial court, "assaultive or resistive." However, section 12021(c)(1) does not require proof of the nature of the underlying misdemeanor conviction. Thus, the fact, and not the nature, of the prior offense establishes the previous conviction element of section 12021(c)(1). Following the reasoning of the *Hopkins* court, we hold that because appellant was willing to stipulate to the fact of his conviction under section 12021(c)(1), the nature of the conviction was irrelevant and the court erred in refusing to permit the stipulation.

In this case, however, the error was harmless. ■ The prejudicial effect inherent in evidence of prior offenses varies with the circumstances of each case. Factors that affect the potential for prejudice include the degree to which the prior offense is similar to the charged offense, how recently the prior conviction occurred, and the relative seriousness or inflammatory nature of the prior conviction as compared with the charged offense. (*People* v. *Calderon* (1994) 9 Cal.4th 69, 79 [36 Cal.Rptr.2d 333, 885 P.2d 83].) ■ Here, there is no substantial likelihood that disclosure of the nature of the prior convictions affected the jury's verdict.

The jury did not find appellant guilty of the charged offenses for which the prior convictions posed potential prejudice. Moreover, appellant's prior misdemeanor convictions for assault and battery were not similar to the section 12021(c)(1) violation charged. The prior convictions occurred on guilty pleas in 1989 and 1992 when appellant was 18 and 20 years of age, and we see nothing in the exhibits which was likely to have led the jury to believe that the prior offenses were particularly serious or to have otherwise inflamed the jury when it considered the section 12021(c)(1) charge. Finally, appellant presented no evidence to contradict Officer Silvius's testimony

that he admitted ownership of the gun seized. Therefore, it is not reasonably probable that a result more favorable to appellant would have occurred in the absence of the error. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; *People* v. *Ancira, supra*, 164 Cal.App.3d at p. 382.)

For the same reasons, to the extent the court erred in disclosing two misdemeanor convictions when only one was required to convict (*People* v. *Patino* (1984) 160 Cal.App.3d 986, 994-995 [206 Cal.Rptr. 762]), and in failing to give a limiting instruction regarding the jury's use of the prior misdemeanor convictions, any error was harmless.

2.  *Admission of Appellant's Pre-Miranda Statement for Impeachment Purposes Was Harmless Error.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

Affirmed.

Stone (W. A.), Acting P. J., and Vartabedian, J., concurred.

*See footnote, *ante*, page 460.