Filed 3/5/15  P. v. Cassano CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B252689 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA058436) |
| v. | |
| BILLY JACK CASSANO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Eric P. Harmon, Judge.  Affirmed.

Alan S. Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Yun K. Lee and Eric E. Reynolds, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Billy Jack Cassano (defendant) appeals his conviction and eight-year sentence for possession of methamphetamine. He attacks the sufficiency of the evidence underlying his conviction, and also contends the trial court erred when it admitted his prior convictions for possession of methamphetamine for sale, denied his motion for new trial, and denied his *Pitchess*[1] motion following an in camera hearing. None of these arguments has merit and we affirm the conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

While conducting an unrelated investigation at a residence in Lancaster, Los Angeles County Sheriff's deputies approached a nearby detached garage, announced their presence and knocked on the garage door. When garage's owner quickly opened the door, defendant and Michael Moore (Moore) were observed standing behind a table approximately three feet from the door. In plain view on the table were two small plastic baggies containing methamphetamine, a digital scale and empty baggies. Defendant and Moore made eye contact with one of the deputies, then ran from the garage through a separate exit. After a brief search, sheriff's deputies found both of them hiding in the rafters of a nearby garage.

The People charged defendant with a single count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The People further alleged that defendant's 2002 conviction for assault with a firearm (Penal Code, § 245, subd. (a)(2))[2] constituted a "strike" within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(j), 1170.12, subds. (a)–(d)), and that defendant suffered three prior convictions for which he served prison terms (§ 667.5, subd. (b)). The jury returned a guilty verdict. In bifurcated proceedings, defendant admitted having suffered three prior convictions. The trial court sentenced defendant to a total of eight years (three-year

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

[2] All further statutory references are to the Penal Code unless otherwise indicated.

upper term doubled to six years by virtue of the prior strike, plus two additional one-year terms for two prison priors).

Defendant timely appealed.

## DISCUSSION

### I.   Sufficiency of the evidence

Defendant claims there was insufficient evidence to support a rational jury's finding that he possessed the methamphetamine found in the garage.  In evaluating this claim, we "'"'"review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.'"'"'"  (*People v. Lopez* (2013) 56 Cal.4th 1028, 1069.)  We resolve all conflicts in the evidence and questions of credibility in favor of the verdict, indulge every reasonable inference the jury could draw from the evidence (*People v. Mendez* (2010) 188 Cal.App.4th 47, 56), and do so whether direct or circumstantial evidence is involved.  (*People v. Catlin* (2001) 26 Cal.4th 81, 139.)

To convict a defendant of unlawful possession of a controlled substance, the People must prove the defendant (1) possessed, (2) a usable amount of a controlled substance, (3) knowing (a) he possessed it and (b) it was a controlled substance.  (*People v. Busch* (1989) 187 Cal.App.4th 150, 161.)  Possession may be actual (*e.g.*, in the defendant's hands) or constructive, exclusive or joint.  (*Ibid.*)  A defendant constructively possesses a controlled substance if he has "the right to exercise dominion and control over" (1) the contraband, or (2) the place where it is found.  (*Ibid.*)

Defendant argues that there was insufficient evidence that he possessed the methamphetamine because he did not actually possess it, and his mere presence near the drugs was insufficient to establish his constructive possession under *People v. Johnson* (1984) 158 Cal.App.3d 850 (*Johnson*), *People v. Hunt* (1971) 4 Cal.3d 231, 236 (*Hunt*), and *People v. Jenkins* (1979) 91 Cal.App.3d 579 (*Jenkins*).  In his view, he was just in the wrong place at the wrong time.

3

We disagree. This is not a case of a defendant being found near drugs secreted nearby (*Johnson*, *supra*, 158 Cal.App.3d at pp. 855-856 [defendant found in kitchen of someone else's house where drugs were stashed in hole in ceiling; insufficient evidence of possession]; or of a defendant being found in a room containing drugs located in a container clearly belonging to someone else (*Hunt*, *supra*, 4 Cal.3d at p. 236 [defendant and another person found in room with open suitcase belonging to other person that contained drugs; insufficient evidence of defendant's possession].) Nor is it a case where the defendant may have touched legal items associated with the drugs at some point in the past. (*Jenkins*, *supra*, 91 Cal.App.3d at p. 584 [defendant's fingerprints found on equipment used in drug lab; insufficient evidence of possession].) Instead, defendant was standing in plain sight of and within reach of the table containing the drugs, a digital scale, and unused baggies. Moreover, defendant fled upon making eye contact with the deputies, and hid in the rafters of a nearby garage. A defendant's flight and hiding support the inference that he was conscious of his guilt (*People v. Williams* (2013) 56 Cal.4th 630, 679), and we may rely on such circumstantial evidence in establishing possession (*People v. Williams* (1971) 5 Cal.3d 211, 215). Defendant responds that his flight shows, at most, that he knew the drugs were illegal, but a rational jury could also infer that he fled because he knew he was illegally possessing the drugs. This latter inference is reinforced by Moore's admission to police (which he later denied at trial) that he and defendant were there so Moore could buy drugs from the garage's owner.

In sum, the inference that defendant was an innocent bystander was not the only rational inference to be drawn from the evidence, and we must at this stage accept any rational inference that upholds the verdict. (*People v. Banks* (2014) 59 Cal.4th 1113, 1156.)

## II. Admission of prior convictions for possession of methamphetamine for sale

The People may not introduce evidence of a defendant's prior crimes to prove his propensity for criminal conduct (Evid. Code, § 1101, subd. (a); *People v. Villatoro* (2012) 54 Cal.4th 1152, 1170-1171), but may introduce past crimes for the limited purpose of

4

proving other issues—such as the defendant's knowledge or intent—that are at issue in the present prosecution (Evid. Code, § 1101, subd. (b)). Whether evidence of other crimes is properly admitted turns on (1) whether the fact to be proven by the other crimes is at issue, (2) the extent to which the other crimes tend to prove that fact, and (3) whether countervailing policy concerns, such as those embodied in Evidence Code section 352, nevertheless militate against admitting the other crimes. (*People v. Lindberg* (2008) 45 Cal.4th 1, 22 (*Lindberg*).) We review a trial court's decision to admit "other crimes" evidence under Evidence Code sections 1101 and 352 for an abuse of discretion. (*People v. Mungia* (2008) 44 Cal.4th 1101, 1130.)

Defendant argues that the trial court erred in admitting the evidence of his 1995 and 1996 convictions for possessing methamphetamine for sale to prove that he knew what methamphetamines look like because (1) the prior convictions were too dissimilar from the simple possession charge in this case to have a tendency to prove his knowledge, and (2) the prejudice flowing from admitting the prior convictions was undue under section 352 because (a) possession for sale is a more egregious crime than simple possession, and (b) admitting *both* prior convictions was cumulative. Defendant also contends that this evidentiary error violated his federal constitutional rights to due process and a fair trial.

We are unpersuaded by these arguments. The trial court did not abuse its discretion in finding section 1101, subdivision (b)'s prerequisites to be met. A defendant's prior drug convictions are relevant "to prove [his] knowledge of the narcotic nature of the drugs" (*People v. Williams* (2009) 170 Cal.App.4th 587, 607), and a defendant's plea of not guilty puts his knowledge at issue (*People v. Scott* (2011) 52 Cal.4th 452, 470; *People v. Escudero* (2010) 183 Cal.App.4th 302, 313 [defendant need not specifically contest an element for it to be "at issue"]). Although a past crime must bear "distinctive marks" before it will be admitted to prove identity and must share a "concurrence of common features" with the charged crime before it will be admitted to prove a common scheme or plan, a past crime need only be "sufficiently similar" to the

5

charged offense to prove a defendant's intent and, in our view, his knowledge. (*People v. Ewoldt* (1994) 7 Cal.4th 380, 402-403.) Where, as here, a prior drug conviction is admitted to prove the defendant's knowledge, "the only necessary similarity is that the controlled substance be the same." (*People v. Hendrix* (2013) 214 Cal.App.4th 216, 241.) Here, it was.

The trial court also did not abuse its discretion under section 352. Although the two prior convictions were surely prejudicial to his defense, we are concerned with whether they were *unfairly* prejudicial when balanced against their probative value. (*People v. Crew* (2003) 31 Cal.4th 822, 842.) As noted above, defendant's prior convictions were highly probative of his knowledge, and the manner in which the convictions were presented in this case—through a stipulation containing underlying details and accompanied by an instruction informing the jury they could only consider them as evidence of the defendant's knowledge and for no other purpose—largely blunted any unfair prejudice. Defendant attacks the efficacy of limiting instructions, but we generally presume jurors follow them (*People v. Caldwell* (2013) 212 Cal.App.4th 1262, 1274), and this is not one of those exceptional cases where the evidence is so inherently inflammatory as to make that presumption inapplicable. The trial court's decision to admit both convictions rather than just one did not appreciably affect this calculus or otherwise transgress the boundaries of the discretion conferred by section 352.

In light of this conclusion, there was no violation of defendant's constitutional rights. (See *Lindberg*, *supra*, 45 Cal.4th at p. 26 [properly applying ordinary rules of evidence does not violate federal constitutional rights]; *People v. Fuiava* (2012) 53 Cal.4th 622, 670 [same].)

### III.     Denial of motion for new trial

When a defendant moves for a new trial on the ground that the "verdict . . . is contrary to law or evidence" (§ 1181, subd. (6)), the judge is to sit as a "13th juror" and "independently examine[] all the evidence to determine whether it is sufficient to prove

each required element beyond a reasonable doubt." (*Porter v. Superior Court* (2009) 47 Cal.4th 125, 133 (*Porter*).) The court's examination is nevertheless "guided by a presumption in favor of the correctness of the verdict and the proceedings supporting it." (*People v. Davis* (1995) 10 Cal.4th 463, 523-524.)

In this case, defendant moved for a new trial under section 1181, subdivision (6). In denying the motion, the trial court stated: "I have read and considered the motion . . . [¶] I was the trial judge. I did listen to the evidence. I am guided by [the] presumption in favor of the correctness of the jury's verdict, and I do find that there is sufficient evidence to support their verdict. It is not contrary to the evidence, and the motion is respectfully denied."

Defendant argues that the trial court's ruling—and, in particular, its finding of "sufficient evidence"— indicates that the court used the wrong legal standard and improperly treated his motion as a motion for acquittal that evaluates whether the evidence was sufficient for a reasonable jury to convict. (E.g., *Jackson v. Virginia* (1979) 443 U.S. 307, 317-318 (*Jackson*).)

We view the trial court's ruling differently. The trial court had before it a motion under section 1181, subdivision (6); it noted how it presided over the trial and "listen[ed] to the evidence;" it referred to the presumption of correctness; and it found that the verdict was not "contrary to the evidence." All of this is consistent with sitting as a 13th juror. The trial court's reference to "sufficient evidence" is, in isolation, ambiguous insofar as it could refer to the *Jackson* analysis or, as used in *Porter*, to a 13th juror analysis. However, when read in light of the court's other statements and against the backdrop presumption that a trial court knows of and applies the correct legal standard (*People v. Mack* (1986) 178 Cal.App.3d 1026, 1032; *Porter*, *supra*, 47 Cal.4th at p. 133 ["a court has no authority to grant an acquittal in connection with a[n 1181] motion"]), we have no doubt that the trial court applied the right standard.

Nor did the trial court abuse its discretion in independently concluding that it would have convicted defendant on the evidence presented. (*People v. Lewis* (2001) 26

7

Cal.4th 334, 364.)  Defendant argues that the officers were not credible, but their testimony was not so contradictory or implausible that the trial court was obligated to reject it totally.

**IV.    The *Pitchess* motion**

Defendant asks that we review the sealed transcript of the trial court's in camera *Pitchess* hearing to determine whether the court's ruling that no personnel records be disclosed was appropriate.  We have done so, and conclude there was no error.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
                    HOFFSTADT

We concur:


_____, P. J.
           BOREN


_____, J.
           CHAVEZ

8