Filed 1/14/16  In re M.H. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re M.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>            v.<br><br>M.H.,<br><br>    Defendant and Appellant. | F071453<br><br>(Super. Ct. No. 14CEJ600483-2)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Gary R. Orozco, Judge.

Emily J. Haden, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

---

\*        Before Levy, Acting P.J., Gomes, J. and Peña, J.

-ooOoo-

## INTRODUCTION

While on felony probation, another wardship petition pursuant to Welfare and Institutions Code section 602 was filed alleging M.H. had possessed a firearm in violation of Penal Code section 29610; the petition also sought to aggregate all sustained petitions and increase the maximum term of confinement. The juvenile court sustained the petition and the disposition hearing was held on April 20, 2015. The juvenile court removed him from the physical custody of his parent and placed M.H. on formal probation; the terms and conditions of probation included serving 75 days at the Juvenile Justice Campus. M.H. filed a notice of appeal on April 21, 2015. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On March 5, 2015, a caller notified the Fresno Police Department that a gang fight was in progress at the corner of Martin Luther King Boulevard (MLK) and California Avenue and that some of those engaged in the fight had guns. Officers were aware that dispatch had received numerous calls recently regarding gang-related disturbances in the area because of a recent gang-related homicide that had occurred at the intersection of MLK and California. Several people loitering in that area had been arrested recently on various charges, including weapons charges.

When officers arrived, they saw a group of 15 to 20 males and females gathered near the intersection and in an alley located off MLK. The group was shouting "Get the fuck out of here" at the occupants of a black Chevrolet Impala parked next to the group. As officers were pulling up behind the Impala, the car rapidly accelerated and sped off down the alley doing 40 to 50 miles per hour, nearly striking pedestrians. At one point, the Impala had to swerve to avoid a collision.

Officers initiated a traffic stop and activated their overhead red lights and siren; the Impala initially did not stop. Eventually, the Impala stopped at the next cross street,

2.

Lee Street. A high risk vehicle stop was initiated due to the driving pattern, the nature of the call to dispatch, and the possibility of the presence of a weapon.

Following the protocol for a high risk stop, Officer Luis Rosales had his weapon drawn and ordered all occupants of the Impala to put their hands out the windows of the vehicle. Rosales could see two occupants in the vehicle, the driver and a passenger in the back seat. The driver was ordered to step out of the car with his hands up; the passenger was then ordered to exit the vehicle with his hands in the air. Both subjects were detained. Both subjects were advised of their rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436.

The driver of the vehicle was S.D. After he was detained, S.D. spontaneously stated that M.H. had a weapon in the vehicle. S.D. stated that M.H. told him to keep driving when officers attempted to stop the vehicle. S.D. stated M.H. placed the gun under the driver's seat when the Impala stopped.

M.H. was the passenger. M.H. identified himself to officers and stated he was on probation for robbery. M.H. told officers that S.D. had the gun and tossed it to him during the high-speed chase; M.H. tossed it back. M.H. claimed that S.D. then put the gun under the seat.

A records check showed that both occupants were on felony probation. After confirming their probation status, Rosales searched the Impala and found a Smith & Wesson firearm under the driver's seat. The gun was in the rear area under the driver's seat, with the barrel and handle in an "upward motion towards the actual seat."

There also was a black jacket under the driver's seat, preventing a clear view from the front to the back underneath the seat. From the placement and direction of the gun, Rosales opined that it was not likely the driver of the vehicle could have placed the gun in the location where it was found; the front of the area underneath the driver's seat was blocked. The location where the gun was found was readily accessible to the rear passenger.

3.

Officer Rosales and M.H. testified at the March 27, 2015, adjudication hearing. At the conclusion of the hearing, the juvenile court found true the allegation that M.H. had possessed a firearm in violation of Penal Code section 29610. The offense was a felony. Disposition was set for April 20, 2015.

The probation office prepared a disposition report, which was filed with the juvenile court. The report noted that M.H. had been placed on felony probation in July 2014 and was not in compliance with the terms of probation in that he failed to attend required counseling sessions; did not complete the required community service; was not attending school; and committed the current offense while on probation. Also noted was that the firearm had one round in the chamber and 11 rounds in the magazine at the time it was confiscated by officers. The current offense would constitute M.H.'s third disposition before the juvenile court.

The probation officer opined that M.H. had demonstrated a lack of respect for the juvenile court's orders and no remorse for his offenses. M.H. declined to make a statement when contacted by probation; his mother failed to appear for her interview with probation. The probation department opined that custodial time was warranted and recommended that M.H. be placed in a custodial setting.

At the April 20, 2015, disposition hearing, M.H. moved pursuant to Penal Code section 17, subdivision (b) to reduce the current offense to a misdemeanor. The People opposed the motion, stating that M.H. was a gang member, who by his own statement, was playing "hot potato" with a loaded weapon during a high-speed chase. The juvenile court declined to exercise its discretion to reduce the offense to a misdemeanor.

The juvenile court proceeded to aggregate all the sustained petitions against M.H.; set a maximum term of confinement of three years eight months; awarded 141 days of credit; and removed M.H. from the physical custody of his parent and placed him on formal probation. Multiple conditions of probation were imposed, including that M.H. serve 75 days in the Juvenile Justice Campus.

4.

On April 21, 2015, a notice of appeal was filed. The notice of appeal stated that M.H. was appealing from the April 20, 2015 disposition order.

## DISCUSSION

Appellate counsel was appointed on May 26, 2015. Appellate counsel filed a *Wende* brief on November 4, 2015. That same day, this court issued its letter to M.H. indicating he had the right to file a supplemental brief. No supplemental brief was filed.

We note that "[t]he elements of unlawful possession [of a firearm] may be established by circumstantial evidence and any reasonable inferences drawn from such evidence." (*People v. Williams* (1971) 5 Cal.3d 211, 215.) Here, S.D. spontaneously stated that M.H. had a weapon. Officers found the loaded firearm in a location that was accessible to M.H. from his position in the rear seat, but essentially inaccessible to the only other occupant of the vehicle, the driver. Circumstantial evidence supports the finding that M.H. possessed a firearm in violation of Penal Code section 29610. (*People v. Williams, supra,* 5 Cal.3d at p. 215.)

With respect to the juvenile court's decision on the Penal Code section 17, subdivision (b) motion, a court has broad discretion in deciding whether to reduce an offense to a misdemeanor and a court's decision will not be reversed on appeal unless the decision is shown to be arbitrary or irrational; no such showing has been made in this case. "Absent such a showing, we presume the court acted to achieve legitimate sentencing objectives." (*People v. Sy* (2014) 223 Cal.App.4th 44, 66.)

After an independent review of the record, we find no reasonably arguable factual or legal issue exists.

## DISPOSITION

The April 20, 2015 disposition order is affirmed.